In the Matter of the Application of JACOB BERKE, Appellant, for a Preemptory Mandamus Order against JAMES E. FINEGAN, President, FERDINAND Q. MORTON, and SAMUEL ORDWAY, JR., Members of and Constituting the Municipal Civil Service Commission of the City of New York, Respondents.— Order denying petitioner's application of an order of mandamus to compel defendants to grant him a preference upon an eligible list for promotion to sergeant in the New York city police department unanimously affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

In the Matter of Proving the Last Will and Testament of CHRISTIAN CARSTENS, Deceased, as a Will of Real and Personal Property. MARTHA BRAUNER, as Executrix, etc., of CHRISTIAN CARSTENS, Deceased, Appellant; ARO G. GABRIEL, Respondent.— Decree of the Surrogate's Court of Queens county, adjudging the respondent to have a lien in the sum of $500 and directing appellant, the executrix, to pay the same out of the balance of moneys directed to be paid to Harriet McDermott and Katherine Schwick, reversed on the law and the facts, without costs, and matter remitted to the Surrogate's Court for a hearing as to the validity of the agreement to pay the respondent the sum of $500. In our opinion, the surrogate was empowered, under section 231-a of the Surrogate's Court Act, to enforce payment of the agreed sum to this attorney only if satisfied that such agreement was valid. In view of the fact that it appears that the parties out of whose moneys this fee is to be paid aver that the agreement was executed by them under duress, we are of opinion that the surrogate should have conducted a hearing to determine this issue. In the absence of such determination, the appellant is placed in the peril of paying moneys over to the respondent pursuant to a decree which thereafter, in some other subsequent action or proceeding, may be adjudged not to have been properly made. If the agreement, in the opinion of the surrogate, should be set aside, then the respondent may recover for only the reasonable value of his services after a showing of their nature and extent. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.