■   In the Matter of JOHN DEWAR, JR., Respondent, against CIGARETTE SERVICE, INC., et al., Appellants.— Order appealed from is unanimously affirmed, with $20 costs and disbursements to petitioner-respondent. This is an appeal from an order granting petitioner, a director and stockholder of the respondent corporation, an examination of its books and records. Respondents below contend that there is a jurisdictional defect voiding the proceeding because Special Term did not follow the requirements of section 1289 et seq. of the Civil Practice Act. While section 1289 requires at least eight days' notice in writing, admittedly that requirement was not observed. However, Horowitz, an attorney and an officer of respondent corporation, filed an affidavit in opposition to the petition on the merits. Any defect in procedure was thus waived and must be held to be binding on the corporation. Since an answering affidavit had already been interposed by respondents, we find no abuse of discretion by the court in not granting them an adjournment because of actual engagement of another and different counsel. Moreover, insofar as disclosed by the record the petitioner is still a director of the corporation, in which case his right to an inspection is absolute. (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119; Matter of Steinway, 159 N. Y. 250; People ex rel. Leach v. Central Fish Co., 117 App. Div. 77.)   Settle order. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.