Harold Tessler, J.
Application for an order directing respondent to supply electric service to the petitioner at premises located at 33-20 Broadway, Long Island City. Petitioner has applied to respondent for such service, but respondent has refused to supply the same.
In addition to answering, respondent has moved to dismiss the petition on the following grounds:
(1) Insufficient notice of this application.
(2) The proceeding is barred by the Statute of Limitations.
(3) Petitioner is neither the owner nor the occupant of the premises in question.
(4) The petition is not made in good faith, but is a subterfuge to secure electric service for another who allegedly has not paid his bill for prior service.
(5) Petitioner has an adequate remedy at law.
The last ground (No. 5) is sought to be added to respondent’s motion by a subsidiary motion to amend its original notice of motion. Although petitioner objects to any amendment of respondent’s original notice of motion, the subsidiary motion will ¡be granted so that the matter may be disposed Of on the merits.
Petitioner, by a separate notice of motion, has also moved to strike out respondent’s answer as sham. This motion is denied.
Respondent’s motion to dismiss the petition is also denied. The insufficiency of the notice was waived by opposing the application on the merits. (Matter of Dewar v. Cigarette Serv., 5 A D 2d 764.) The four-month Statute of Limitations is not applicable here. (Matter of Williams v. Morton, 297 N. Y. 328; Matter of Smith v. McNamara, 277 App. Div. 580.) The inadequacy of petitioner’s remedies fit law is apparent since *361 suing for penalties would never obtain electric service for the petitioner.
Basically respondent’s defense is that petitioner is not the owner or occupant of the premises and that its application is a subterfuge to obtain service for another who will hereinafter be designated as the third party.
Respondent contends that on February 27, 1957, the third party signed an application for the supply of gas and electricity to a bar and grill located at 48-28 Newtown Road, Long Island City. Bills rendered to the third party for such service were paid except for the period from October 20 to November 1,1958, amounting to $211.82. The third party had an account for the second floor of the premises here involved and when the above balance was not paid it was transferred to the account for these premises. Service was discontinued for nonpayment on February 15, 1960.
While respondent was attempting to collect this balance and on February 3, 1960, petitioner filed an application for service for the second floor of these premises. Such application was signed by petitioner’s president who is a brother of the third party.
The third party is an attorney at law and three of the eight windows on the second floor bear a legend announcing that he practices law there. Another window announces an insurance business bearing the same surname as the third party. The other four windows are blank.
In the vestibule is a signboard listing 19 names, 16 of them being corporations. Petitioner and the third party are among those listed. In the hallway are five mailboxes; two of them bear the name of the third party, the third is blank, and the fourth and fifth bear the names of residential tenants on the third floor.
The third party also had three other accounts at his home address in Astoria, but between September 14, 1959, and May 20,1960, all these accounts were changed to show another person of the same surname as the consumer of record. The third party now has no gas or electric accounts with the respondent in his individual name to which the disputed unpaid balance can be transferred.
Respondent contends that petitioner is not-the occupant of the entire second floor of the premises. It does not use these premises as a mailing address, although it may occupy some space therein. Service cannot be supplied to a fractional part of the second floor or to particular desk space therein since the landlord’s equipment is not so arranged. Petitioner’s *362 certificate of incorporation shows that the third party was one of its incorporators. In October, 1954 the third party was apparently the president of the petitioner.
Respondent does not claim that petitioner owes it $211.82, but that the third party does, and that he is an occupant of the second floor of these premises. Respondent argues that this is an attempt to secure service for the third party without his paying his prior bills.
The president of the petitioner states that for more than five years his brother has had no financial interest in the petitioner and has not been an officer or director. He sometimes acts for the petitioner in his capacity as an attorney at law. On January 27, 1960, petitioner applied for electric service and on the same day the then subscriber (the third party) notified respondent to discontinue service to him. Respondent did not comply with either request. On February 15, 1960, it terminated service for alleged unpaid bills.
Petitioner has occupied the space for which it seeks service since 1953. Respondent has supplied petitioner with service at seven other locations within the City of New York during the past 10 years and still supplies the petitioner at another address in Long Island City. It has not attempted to discontinue petitioner’s service at such other address.
Petitioner’s president further states that the third party has invited the respondent to sue him for the $211.82; that any judgment recovered would be collectible since the third party is financially responsible, but that respondent has never accepted the invitation. The bill for $211.82 was incurred for service supplied to a now defunct bar and grill.. The third party was not the licensee thereof. When the bar closed in 1958 there was a balance due of $313.65. Since that time someone other than the third party has paid $101.83, leaving the present balance of $211.82.
In view of the fact that petitioner has occupied its present space since 1953 respondent has not substantiated its defenses that petitioner is not an occupant of the space or that its application is a subterfuge. Since petitioner is not indebted to the respondent and is willing to pay its bills and to post a deposit, it is entitled to service. The application is granted.