In the Matter of BETTY A. HUNTER, Respondent, v. HOWARD HUNTER, Appellant. — In a proceeding *inter alia* under section 457 of the Family Court Act for an order of sequestration of the property of appellant (petitioner's former husband) for alleged violation of a support order, the appeal is from an order of the Family Court, Nassau County, entered August 3, 1972, which, upon reargument, (1) vacated a prior order of the said court dated May 17, 1971, *nunc pro tunc*; (2) directed that a support order dated September 4,

1969, as modified by an order dated January 28, 1970, be reinstated as of May 17, 1971; and (3) directed sequestration of certain promissory notes payable to appellant, some of which were apparently assigned by him to others. Order modified, on the law and the facts, by (1) deleting therefrom the second ordering paragraph, which reinstated the orders dated September 4, 1969 and January 28, 1970, respectively, and (2) substituting therefor a provision directing a hearing as to appellant's current financial station and the financial status and needs of petitioner and the parties' children. As so modified, order affirmed, without costs. Pending such hearing and the determination thereon, the effect of the prior support orders of January 28, 1970 and September 4, 1969 is stayed. On May 17, 1971 an order was made in the Family Court which vacated prior support orders of that court on the ground that appellant had left the State, but which provided "arrears reserved generally." That order was entered on the court's own motion without notice to either party. On June 9, 1971 a judgment was made in a Florida court on a petition initiated in New York pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) which directed appellant to pay $50 per week for the support of his two children. The New York orders which were vacated on May 17, 1971 had directed appellant to pay $200 per week in support, half of that amount for support of petitioner and half for support of their children. On November 29, 1971 appellant was awarded a divorce in Florida. Petitioner was apparently not personally served and did not appear in the action. No provision was made for her support. The Family Court properly vacated its order of May 17, 1971. That court is one of limited jurisdiction and exercises only those powers conferred upon it by statute (*Matter of Borkowski* v. *Borkowski*, 38 A D 2d 752; *Loeb* v. *Loeb*, 14 A D 2d 270). If no prior order of that court is outstanding, the grant of an out-of-State divorce in an action in which the wife did not appear bars the assumption of jurisdiction by that court of such former wife's application for support (*Matter of Fleischer* v. *Fleischer*, 24 A D 2d 667; *Matter of Carter* v. *Carter*, 19 A D 2d 513; cf. Family Ct. Act, § 466, subd. [c]). However, if an order of the Family Court is outstanding, the divorce will not affect the exercise of continuing jurisdiction (*Matter of Eldredge* v. *Eldredge*, 27 A D 2d 475; *Matter of Slemons* v. *Slemons*, 28 A D 2d 634). Appellant was in arrears under the New York orders until January 28, 1972. The Family Court therefore had continuing jurisdiction in the matter notwithstanding the order of May 17, 1971 (see Family Ct. Act, § 451). Accordingly, the Family Court could properly vacate that order, which had been improvidently made. We are of the view, however, that the Family Court should not have reactivated the prior support orders without a hearing, in view of appellant's allegations of a drastically changed financial condition. By creating an immediate arrearage of 15 months, covering a period when no New York support order was in effect and during which appellant met his obligations under the Florida order, appellant was effectively deprived of the opportunity to seek a modification of the New York orders. Under the circumstances, the Family Court acted improvidently in not holding a hearing as to appellant's current financial situation and the needs of petitioner and the children for support (cf. *Reiss* v. *Reiss*, 23 A D 2d 692; *Matter of Gilbert* v. *Gilbert*, 23 A D 2d 757). The Family Court should also consider to what extent, if any, the support obligation should be made retroactive. The Family Court has power to sequester appellant's property only if he is in arrears in payment of an outstanding support order and leaves or threatens to leave the county in which his property is located (Family Ct. Act, § 457; *Lombardo* v. *Lombardo*, 37 A D 2d 993). In the interests of justice, the sequestration provisions of the order under review should not be deleted pending

the result of the hearing herein directed. That hearing may well result in, the creation of an arrearage. If there are issues as to the ownership of some of the notes ordered sequestered, such issues may be raised by the persons claiming to be the owners thereof in a proper proceeding (cf. *Rosenberg* v. *Rosenberg*, 259 N. Y. 338). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.