■ ELAYNE WASSERMAN, Respondent, v. NORMAN E. WASSERMAN, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Nassau County, entered June 8, 1973, which (1) denied appellant's motion to vacate a warrant for his arrest which had been issued by said court on April 30, 1973, ·(2) vacated a stay of the warrant and (3) directed that the warrant and certificate of warrant be executed. Order reversed, on the law, without costs, and motion granted. The continuing jurisdiction over support proceedings upon which the Family Court relied and which is set

forth in section 451 of the Family Court Act merely gives the Family Court continuing jurisdiction over the *subject* matter of any support proceeding but does not grant continuing in personam jurisdiction over the parties. Thus, in order to invoke the provisions of section 428 of the Family Court Act and obtain a warrant of arrest it must be shown that personal service of process has been made within the State where a nonresident respondent (appellant on this appeal) is involved. At bar, appellant has not resided in this State for some time and, thus, in order to obtain enforcement of the prior court orders petitioner would have to obtain in personam jurisdiction over him by having him served with process within the State. Failing that, all she can obtain is in rem jurisdiction by sequestering his property within the State (*Matter of Condaras* v. *Condaras,* 252 App. Div. 871; *Matter of Fleming* v. *Fleming,* 242 App. Div. 690; see *Matter of Caplan* v. *Caplan,* 30 N Y 2d 941). Hopkins, Acting P. J., Martuscello and Latham, JJ., concur; Munder, J., dissents and votes to affirm.