OPINION OF THE COURT
Richard D. Rosenbloóm, J.
This proceeding was brought by petitioner to enforce the terms of a Supreme Court order requiring respondent to pay $45 per week for the support of a child. Respondent denied that he had failed to comply with the order, asserting that petitioner had denied him the right to visit with the child. The issue of support arrears was referred to a hearing examiner pursuant to the provisions of section 439 of the Family Court Act. During the hearing, petitioner objected to testimony regarding visitation as being beyond the hearing examiner’s jurisdiction. The hearing examiner ruled that the question of refusal of visitation was a question of law and referred the matter to the court for determination.
This petition is brought pursuant to section 461 (subd [b], par [i]) of the Family Court Act which is one of the proceedings specifically enumerated in subdivision (b) of section 439 in which the court may refer the issues of fact to a hearing examiner. Subdivision (b) of section 439 goes on to provide that “issues of custody, visitation, orders of protection, and exclusive possession of the home” may not be so referred.
Respondent’s contentions are pleaded in a document entitled “Answer and Cross-petition.” He asks that the enforcement proceeding be dismissed and that petitioner *580 be found to have violated the order as to visitation. The court agrees that respondent’s request for affirmative relief of a violation finding against petitioner would constitute an “issue of visitation” and would be beyond the powers of a hearing examiner. However, a deprivation of visitation, when not required by some pressing concern for the welfare of the mother or the child, may be the basis to suspend a support obligation. (See Sipos v Sipos, 73 AD2d 1055; Abraham v Abraham, 44 AD2d 675.) The claim of denial of visitation as a defense in no way changes the character of this proceeding as one brought pursuant to section 461 of the Family Court Act, over which the hearing examiner has jurisdiction.
This matter is returned to the hearing examiner who is directed to report on the following issues of fact:
1. The amount of any arrears under the Supreme Court order;
2. Whether or not respondent has been deprived of visitation for a reason not required by some pressing concern for the welfare of the mother or child;
3. If not, the method of payment of any arrears.
Upon receipt of the hearing examiner’s report, this matter is referred to another Judge of this court for further proceedings.