OPINION OF THE COURT
Anthony F. Bonadio, J.
The respondent, by his attorney, has filed a written objection to the report of the hearing examiner, which recommends that petitioner have judgment for arrears in the amount of $1,200 (Family Ct Act, § 460).
Respondent objects on jurisdictional grounds, arguing that an application for a judgment pursuant to section 460 cannot be referred to the hearing examiner since section 460 is not “one of the proceedings specifically enumerated in subdivision (b) of section 439” (Lamagro v Murray, 107 Misc 2d 579). Although this court and other Family Courts of the State refer such applications (see Matter of Huttenlocker v Damstetter, 111 Misc 2d 484), as well as other supplementary proceedings (cf. Dana A. v Harry M. N., 113 Misc 2d 635) to the hearing examiner, we have been unable to locate a case in which this jurisdictional objection has been raised. We find it unpersuasive, and confirm the report.
*701 Respondent’s argument overlooks the fact that subdivision (b) of section 439 authorizes referral to the hearing examiner of any proceeding to compel support under section 451, which is entitled “Continuing jurisdiction”, and states that: “The court has continuing jurisdiction over any support proceeding brought under this article until its judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding” and has been held to vest the court with continuing subject matter, plenary and supervisory jurisdiction (Wasserman v Wasserman, 43 AD2d 951; Matter of Pavich v Pavich, 24 AD2d 482). Section 451 is both the introductory and lead section to part 5 of article-4 — “Compliance With Orders” — and we deem it significant that subdivision (b) of section 439 makes no reference to any section of the Family Court Act which merely authorizes a specific remedy upon a failure to obey a court order (i.e., §§ 454, 455, 456, 457, 459 and 460). Section 451 is the jurisdictional basis upon which all supplementary proceedings are based.
Such a conclusion, unlike respondent’s, is consistent with the Legislature’s intent in adopting the hearing examiner program (L 1977, ch 388). As the Office of Court Administration’s memorandum in support of the program stated:
“It is estimated that support proceedings in the family court make up more than 30% of the court’s docket (up to 60% in some counties) and account for a substantial part of the present backlog in court calendars. Use of hearing examiners, experienced and qualified in family and matrimonial proceedings, to assist judges in the resolution of support cases would augment judicial resources in order to meet the current backlog of support proceedings, as well as permit judges additional time for the expeditious disposition of other types of family court matters such as juvenile delinquency proceedings.
“In addition, the anticipated impact which Title IV-D of the Social Security Act, new Title 6-A of the Social Services Law, and Article 5-A of the Family Court Act are likely to have on the already congested family court calendars for support proceedings brings a sense of urgency to the existing problem of shortages in judicial resources available to *702 process support cases. Although all the family court proceedings anticipated under Title IV-D may not actually materialize because of failure to locate parents or putative fathers, the State Department of Social Services has estimated to us that from 200,000 to 250,000 additional family court proceedings may be filed statewide, directly attributable to IV-D implementation. Assuming no change in existing procedures, it has been calculated that more than twice our existing family court resources may be required to handle this new workload. Amending the existing family court procedures for processing support cases to allow the use of hearing examiners would be an effective and relatively economical method of increasing resources to accomplish the timely disposition of this anticipated dramatic increase in support proceeding caseloads.” (NY Legis Ann, 1977, p 166.)
And, as the author of the Practice Commentaries to the Family Court Act noted: “Only the naive with no experience in the Family Court believe that a support order marks the end of litigation. The initial order is only the beginning of the trials and tribulations attendant to many support actions.” (Besharov, Practice Commentary, McKinney’s Cons^ Laws of NY, Book 29A, Family Ct Act, § 454, 1976-1981 Supp Pamphlet, p 190.)
Once the Legislature has acted, courts should not “interpret the statute so narrowly as to frustrate the legislative intent (cf. Wein v Comptroller of State of N. Y., 46 NY2d 394, 399).” (Matter of Anthony P., 49 NY2d 1022, 1024-1025.) To hold that this court could not refer applications for a money judgment pursuant to section 460 would do just that.