■ WENDY GREGORY et al., Respondents, v H. HAROLD GIBB, Appellant, et al., Defendant. — In a medical malpractice action, defendant H. Harold Gibb appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered November 5, 1981, which granted plaintiffs' motion pursuant to CPLR 5015 (subd [a]) to vacate a default judgment entered in favor of defendant Gibb on June 3, 1981. Order reversed, on the law, with $50 costs and disbursements, and motion denied. By order dated January 15, 1981, Special Term granted the appellant's unopposed motion to sever the action and to dismiss the plaintiffs' complaint as against him. The said order permitted the appellant to "enter judgment in accordance with this decision [*sic*] without further order of the court." A clerk's default judgment dismissing the complaint as against the appellant was entered June 3, 1981 (see CPLR 3015, subd [a]). By notice of motion dated September 9, 1981, the plaintiffs moved to vacate the judgment. The attorney's affirmation in support of plaintiffs' motion alleges, without the benefit of any dates, the following: "As far as the element of delay is concerned as set forth in the affidavit of ANTHONY SAMMARTINO, ESQ. on the affidavit to sever and enter judgment in this infant's case is concerned, I plead guilty but with an explanation. The defendants were seeking records of three hospitals (UNITED, DANBURY, YALE-NEW HAVEN). I had difficulty obtaining all records, especially of DANBURY where the mother remained only a matter of hours. I believe that all records have not [*sic*] been furnished but if not, I shall comply forthwith upon request." In fact, the appellant sought the records and hospital authorizations by notice dated July 27, 1976; thereafter, by order dated January 6, 1977, plaintiffs were directed to comply with the notice. Upon

plaintiffs' failure to comply, appellant moved to dismiss the complaint as to him. The motion was unopposed and was granted by order dated September 18, 1979. Thus, the period of plaintiffs' default in complying with the order dated January 6, 1977, and the failure of plaintiffs to submit any opposition to three separate motions, is not addressed by the plaintiffs in the affirmation submitted in support of the present motion to vacate. The reply affirmation, dated October 28, 1981, stated the following to support excusable default: "The reason for the delay in furnishing the attorneys for the defendant, GIBB, with the appropriate medical authorizations was due to the fact that I had been hospitalized for a blood pressure condition for a period of time, and convalesced at my home for an additional, lengthy period of time." The plaintiffs failed to establish that the delay in complying with appellant's notice dated July 27, 1976 and the order dated January 6, 1977, and the failure to oppose three separate motions, all based upon the plaintiffs' failure to comply with the July 27, 1976 notice, was attributable to the poor health of plaintiffs' counsel through September 9, 1981, when plaintiffs moved to vacate the default judgment. The failure to seek assistance or substitution of other counsel during the period of counsel's extended illness, approaching five years, is in fact a law office failure and not a reasonable excuse (see *Barasch v Micucci,* 49 NY2d 594; see, also, *Shumalski v Government Employees Ins. Co.,* 54 NY2d 671). Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.