■ THERESA DE PEREZ, Appellant, v HENRY W. GUILSHAN et al., Respondents. — Order of the Supreme Court, Queens County (Hyman, J.), dated September 24, 1981, affirmed, without costs or disbursements (see *Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Gregory v Gibb,* 88 AD2d 988). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.

■ PEARL GREENE et al., Appellants, v JAMES GREENE, Respondent. — In an action, *inter alia,* for divorce, plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), dated December 1, 1981, which denied their motion for summary judgment. The appeal brings up for review so much of a further order of the same court, dated February 8, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated December 1, 1981 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated February 8, 1982 affirmed insofar as reviewed, without costs or disbursements. The law is well settled that a foreign divorce obtained by one of the parties (here, the defendant) who has established domicile in the foreign State is entitled to full faith and credit in New York (*Williams v North Carolina,* 317 US 287). If the foreign court has acquired personal jurisdiction, it also has the power to determine the property and economic rights and obligations of the parties (*Lynn v Lynn,* 302 NY 193, cert den 342 US 849). Thus, in the case at bar, the plaintiff wife having personally appeared in the Florida action, the Florida divorce decree is entitled to full faith and credit in New York with respect to the issue of alimony. Inasmuch as the Florida decree contained no provision for alimony, Special Term was without power to modify it to include such award (see *Matter of Silver v Silver,* 36 NY2d 324). Assuming, *arguendo,* that the New York courts had the power to determine the instant matter, neither alimony nor child support payments could be ordered to commence earlier than the date the action was commenced. Since no prior order for support or alimony was ever in effect here, and the children have reached majority, no arrears dating back to the time defendant allegedly abandoned his wife and children may issue (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 413, 1976 to 1981 Supp Pamphlet, p 74; Family Ct Act, § 449; *Abrusci v Abrusci,* 79 AD2d 980). Finally, any question with regard to prospective alimony payments must be addressed to the Florida courts. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.