■ PATRICIA MAHONEY, Respondent, v JOHN MAHONEY, SR., Appellant.—In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated September 11, 1986, as (1) denied that branch of his motion for summary judgment dismissing that portion of the plaintiff wife's complaint as sought maintenance and equitable distribution of the parties' New York property and (2) granted that branch of the plaintiff's cross motion which sought leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, while residing in Florida, commenced an action in that State for the dissolution of the parties' marriage on the ground that the marriage was "irretrievably broken". The plaintiff, a New York resident, appeared in that action through counsel. Shortly thereafter, the plaintiff commenced an action in New York seeking, *inter alia,* a judgment of divorce on the ground of abandonment, maintenance and equitable distribution of the marital property. In June 1986 a final judgment of divorce was entered in Florida. In addition to dissolving the parties' marriage, the Florida court reserved jurisdiction over all marital assets in the State of Florida. Significantly, the Florida judgment contained no disposition as to the parties' marital property in New York. The defendant thereupon moved for summary judgment dismissing the New York complaint, asserting the Florida judgment as a bar to the prosecution of the New York action. Trial Term granted the defendant's motion to dismiss only with respect to that portion of the complaint which sought dissolution of the marriage and equitable distribution of property in Florida. The plaintiff's cross motion was granted to the extent of affording her leave to serve an amended complaint seeking only maintenance and equitable distribution of the New York property.

The issue involved herein is whether the parties' Florida divorce judgment bars the plaintiff's commencement of an action in New York for equitable distribution of the New York property and maintenance under Domestic Relations Law § 236 (B). We conclude that it does not. "Th[e] rather specific statutory language leaves little doubt that a spouse who is the subject of a divorce decree obtained from another jurisdiction, which decree does not resolve the issue of property distribution, is permitted to seek such a resolution in the New York courts. Significantly, the statute no longer requires that the

spouse commencing the New York postdivorce proceeding establish that he or she was not subject to the personal jurisdiction in the foreign divorce action" *(Braunstein v Braunstein,* 114 AD2d 46, 51, *lv dismissed sub nom. Sorman-Braunstein v Braunstein,* 68 NY2d 753). In the case at bar, it is clear that the issues of maintenance and equitable distribution of the New York property were not resolved in the final divorce judgment in Florida. Thus, neither the principle of collateral estoppel nor the doctrine of res judicata would apply to bar the plaintiff's application for maintenance or equitable distribution of the New York property *(see, Braunstein v Braunstein, supra).* Thompson, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.