OPINION OF THE COURT
Bruce M. Kaplan, J.
This child protective proceeding was brought against Harry R., a California domiciliary, hard upon the dismissal for lack of personal jurisdiction, of a February 23, 1989 family offense proceeding brought against him.
In that proceeding the court necessarily concluded that it lacked jurisdiction because Mr. R. was not served in New York, and that personal service in New York State was a jurisdictional prerequisite in family offense proceedings.
*769 Since Family Court Act article 10 proceedings are governed by the exact same provisions of the Family Court Act as Family Court Act article 8 proceedings with respect to the requirements for obtaining personal jurisdiction, and there has been a failure to comply with them, the petition must be dismissed.
When respondent moved to dismiss the "O” petition he noted that he had filed a petition for dissolution of marriage on March 10, 1989 in Superior Court of California, County of Orange. Issue has been joined with both parties alleging irreconcilable differences and both parties seeking, inter alla, custody and visitation.*
After this proceeding was brought personal service was ordered. The respondent, a California resident, was served with the summons and abuse petition at his California home. Thereafter respondent’s counsel appeared in order to move to dismiss for lack of personal jurisdiction. The parties have submitted memoranda of law on the issue of whether process served out of State confers on this court personal jurisdiction over the respondent in a Family Court Act article 10 proceeding.
In reliance on Matter of Brian S. (112 Misc 2d 561), as well as the analysis of personal jurisdiction in support proceedings in Wasserman v Wasserman (43 AD2d 951 [2d Dept 1974]), and in article 8 proceedings in Anthony T. v Anthony J. (134 Misc 2d 375) and Matter of Jane O.J. v Peter L.J. (141 Misc 2d 434), the application to dismiss the petition for failure to obtain personal jurisdiction is granted.
The issuance of Family Court process is governed by Family Court Act § 154, "State-wide Process”.
Family Court Act § 154 (a) provides that "The family court may send process or other mandates in any matter in which it has jurisdiction into any county of the state for service or execution in like manner and with the same force and effect as similar process or mandates of county courts as provided by law.” (Emphasis added.)
Process must be served within the State, unless the proceeding is a paternity or support action that falls within Family Court Act § 154 (b), or there is a conflicting provision in the *770 article governing the proceeding which allows service out of State. (Family Ct Act § 157.)
Since a child protective proceeding is involved reference must be made to Family Court Act § 1036, "Service of summons”.
Family Court Act § 1036 does not specifically authorize service of process without the State, nor does it authorize substituted service unless it can be effectuated within New York’s boundaries.
In Matter of Brian S. (112 Misc 2d, supra, at 561-563), Judge Leddy addressed both these points:
"The Appellate Division has interpreted this section [Family Ct Act § 154] as restricting the service of Family Court process to the boundaries of New York State. (Wasserman v Wasserman, 43 AD2d 951.) * * *
"Finally, the fact that subdivision (c) of section 1036 of the Family Court Act permits substituted service of a summons in a child protection proceeding does not contradict the mandate of section 154. In fact, when read with section 154, the provisions of subdivision (c) of section 1036 require the substituted service to take place within New York state. In discussing substituted service under section 1036, Douglas Besharov, writing the practice commentary for McKinney’s refers specifically to CPLR 308. This latter statute concerns service within the State.”
The Family Court Act makes meager provision for recourse to "long arm” jurisdiction. "Within the Family Court Act itself, authorizations for out-of-State service appears at only two points: first, in section 154 (b), and second, in section 617 (c).” (Matter of Jane O.J. v Peter L.J., 141 Misc 2d, supra, at 439.)
Since sections 154 and 1036 specifically prescribe the rules for service of process, recourse to Family Court Act § 165 (a) is misplaced (Matter of Jane O.J. v Peter L.J., supra; Anthony T. v Anthony J., supra).
The court can appreciate the concern that the fullest panoply of protection can be afforded to allegedly abused children who are found within its borders.
As was noted in Anthony T. v Anthony J. (supra), the Legislature has constantly expanded the Family Court’s extraterritorial jurisdiction almost always in reaction to decisions strictly construing the Family Court Act. It is respectfully urged that Family Court Act § 154 be amended to authorize *771 "long arm” jurisdiction with respect to child protective proceedings.
Accordingly a copy of this decision will be sent to the Speaker of the New York State Assembly, the President Pro Tempore of the New York State Senate and the Chairpersons of the Assembly Judiciary Committee, and the Senate Child Care Committee, and Assembly Children and Families Committee, for their consideration.
The petition is dismissed.

 At the time that the divorce action was filed California was still the child’s home State as she had been in New York for far less than six months. (Uniform Child Custody Jurisdiction Act [Domestic Relations Law art 5-A].)