■ LILA FRANKEL, Respondent, v LEONARD FRANKEL, Appellant.—Per Curiam.

In 1975 plaintiff commenced a support proceeding in Supreme Court against defendant under the Family Court Act. Supreme Court directed defendant to, *inter alia,* pay plaintiff $75 per week in temporary support. In January 1977, defendant, having moved to North Carolina, commenced an action for divorce in which plaintiff appeared and defended. In February 1978, defendant was granted a North Carolina judgment of divorce which made no provision for support of plaintiff, but did note that "maintenance, support and alimony" were awarded by Supreme Court in its 1975 order.

In 1980, plaintiff moved to hold defendant in contempt for failing to make payments required under Supreme Court's 1975 order and for leave to enter judgment for arrears commencing from November 25, 1977 to October 9, 1980. In opposing this motion, defendant argued that the North Carolina divorce judgment divested Supreme Court of jurisdiction in the support proceeding. Initially, Supreme Court ruled in defendant's favor but, in April 1981, one year later, upon plaintiff's motion for reconsideration, the court reversed its decision and found that under North Carolina law defendant's obligation of support continued and that the courts of New York have jurisdiction to enforce that duty. The court also held that defendant must seek leave of court to amend his answer to include the affirmative defense of the North Carolina divorce judgment. Defendant moved to renew or reargue this decision but this motion was denied. His attempt to appeal that ruling to this court was also unsuccessful *(Frankel v Frankel,* 87 AD2d 658). Defendant did not appeal further.

In 1983, plaintiff again moved to hold defendant in contempt for failure to pay support and for leave to enter judgment. Defendant sought to vacate the April 1981 order, arguing that the North Carolina divorce judgment automatically terminated the temporary support and divested New York courts of jurisdiction. Supreme Court ruled that the previous order was res judicata and defendant could only raise the North Carolina divorce judgment as a defense by amendment of his answer in the original support proceeding. The court also ordered defendant to pay arrears from October 8, 1980 to June 3, 1983. In November 1983, defendant moved for leave, *inter alia,* to amend his answer to plead the North Carolina divorce judgment as an affirmative defense. This too was denied by Supreme Court and defendant did not appeal.

Plaintiff obtained other orders for arrears in support payments covering June 9, 1983 to January 4, 1985 and January 5, 1985 to April 22, 1988. As to the latter period, defendant did not appear and a default judgment was entered awarding the arrears and holding defendant in contempt for failure to pay support as ordered. Defendant moved to vacate the default judgment on the ground that New York courts did not have jurisdiction to order support. Supreme Court denied the motion in March 1989, holding that the 1981 order was, barring "extraordinary circumstances", the "law of the case", requiring Supreme Court to rule, under that order, that the North Carolina divorce judgment did not terminate the support order. This appeal ensued.

Defendant contends that Supreme Court incorrectly applied the doctrine of the "law of the case" because the doctrine does not "apply to the fundamental question of subject matter jurisdiction" *(Green v Department of Commerce,* 618 F2d 836, 839, n 9). This contention need not be addressed because, even if Supreme Court was bound by the 1981 order, the doctrine of the "law of the case" does not prohibit appellate review of a subordinate court's order *(see, Atlas Feather Corp. v Pine Top Ins. Co.,* 122 AD2d 241; *Ennist v Shepherd,* 117 AD2d 580). Consequently, Supreme Court's order, particularly the court's holding on the effect of the North Carolina divorce decree on Supreme Court's temporary support order, is properly reviewable by this court.

Concededly, the temporary order of support of $75 per week for plaintiff in 1975 was made by Supreme Court sitting as a Family Court, and was pursuant to Family Court Act § 412 *(see, Kagen v Kagen,* 21 NY2d 532). The 1978 North Carolina divorce judgment that defendant obtained was bilateral, plain-

tiff having appeared and defended the action. The granting of the divorce would have effectively terminated the temporary support order had the divorce been obtained in New York, because liability for support under Family Court Act § 412 is dependent on the existence of a marital relationship *(see, Matter of Medici v Medici,* 53 Misc 2d 826, 827; *see also, Matter of Aletha Butts "MM" v Donald Melvin "MM",* 39 AD2d 995; *Matter of Russo v Rizzo,* 96 Misc 2d 485, 488). By the same reasoning, if the divorce was obtained in a sister State, was bilateral and that State's law similarly terminated the obligation of support upon divorce, the Family Court temporary support order would have been extinguished *(see, Lynn v Lynn,* 302 NY 193, 202-204, *cert denied* 342 US 849; *see also, Greschler v Greschler,* 51 NY2d 368, 376). As a matter of New York law, a prior Family Court order of support only must survive a foreign divorce when the court in the forum State had not acquired in personam jurisdiction over the spouse granted support in New York *(see, Matter of Hunter v Hunter,* 41 AD2d 772; *Matter of Slemons v Slemons,* 28 AD2d 634), a situation not present in this case.

Even if the foreign divorce was bilateral, as it was here, if the divorce court did not dispose of the issue of spousal maintenance either by granting it or expressly denying it, also the case here, the prior Family Court or other New York order of support will survive if, under the law of the divorce forum State, such a prior order would survive the divorce, a result dictated by the Full Faith and Credit Clause (US Const, art IV, § 1; *see, Lynn v Lynn, supra,* at 202-203). Thus, the disposition of the issue of defendant's liability for outstanding arrears for the 1985 to 1988 period of noncompliance with Supreme Court's temporary support order, as was presented in this contempt proceeding, turns on North Carolina law.

Our review of the cases cited by the parties shows that, under North Carolina law, the granting of the divorce under a judgment silent on the issue of spousal maintenance or alimony does not automatically extinguish a temporary order of support granted in a prior, separate proceeding (see, NC Gen Stat § 50-11; *Yow v Yow,* 243 NC 79, 89 SE2d 867; *Johnson v Johnson,* 17 NC App 398, 194 SE2d 562). What is less clear, however, is whether, under North Carolina law, the granting of an absolute divorce confers the right upon the husband to apply for and obtain a *prospective* vacatur of the prior temporary support order before the court in the still-pending proceeding in which that order was granted. There are North Carolina decisions which suggest that this is so *(see, Yow v*

*Yow, supra; Smith v Smith,* 12 NC App 378, 183 SE2d 283). If that is the case, this could properly be raised, as a prayer for prospective affirmative relief from the prior order, in a responsive pleading to plaintiff's application to enforce the prior support order by holding defendant in contempt. It was in fact raised here, in that the motion to vacate the default sought a dismissal of the support proceeding in which the 1975 temporary support order was granted. In our view, the 1981 and 1983 decisions of Supreme Court, upon which Supreme Court relied here in denying defendant's motion to vacate the default, were erroneous in holding that defendant could only invoke his right to termination of support under the North Carolina divorce judgment by seeking permission to amend his answer in the original support proceeding. Although, under Family Court Act § 451, the court has "continuing jurisdiction" to enforce its prior support orders, this refers only to subject matter jurisdiction *(Wasserman v Wasserman,* 43 AD2d 951, 952). An application seeking enforcement of a support order, by contempt or otherwise, must be "originated" by the filing of a new petition (Family Ct Act § 453). Personal jurisdiction over the noncomplying party must be newly acquired *(Wasserman v Wasserman, supra)*. Hence, there is no reason why defendant's application should not have been entertained in the contempt proceeding, insofar as it can properly be read to seek termination prospectively of the temporary support order and dismissal of further proceedings in that support matter. "Thus, the Family Court's continuing jurisdiction is always subject to attack on the grounds, that, for example, the marital relationship no longer exists" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 451, at 340).

Even if, under North Carolina law, defendant did not have an absolute right to obtain prospective termination of the temporary support order by reason of the judgment of divorce, his papers were sufficient to require Supreme Court to entertain his application by way of determining whether the prior support order should be vacated or modified in light of the change in circumstances, i.e., the granting of divorce and the lengthy passage of time occurring thereafter *(see,* Family Ct Act § 451). At the least, defendant was entitled to an evidentiary hearing on prospective support, to which he is constitutionally and statutorily entitled *(see, Matter of Toft v Beavers,* 124 AD2d 263, 264), the original temporary support order having been granted solely on papers. At such a hearing, the court could properly consider, among other pertinent factors,

the fact that the marriage had long been terminated *(see,* Domestic Relations Law § 236 [B] [6] [a]).

It follows from the foregoing that Supreme Court's adjudication and fine for defendant's violation of the still extant 1975 temporary support order should be affirmed. However, Supreme Court erred in denying defendant's motion to vacate the default and in refusing to entertain his application insofar as it sought a prospective termination of that order.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion to prospectively vacate the order of temporary support; matter remitted to the Supreme Court for consideration of said motion insofar as it seeks a prospective termination of the order of temporary support; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.