## Louis A. Miller, Respondent, v Dale J. Miller, Appellant.

Third Department, December 3, 1992

**APPEARANCES OF COUNSEL**

*Rodney A. Richards,* Binghamton, for appellant.

*Petrick & Kapur, P. C.,* Endicott *(David E. Kapur* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, J.

In 1985, plaintiff commenced what ultimately turned out to be an unsuccessful action for divorce against defendant, his wife of 25 years, in Supreme Court, Broome County. A temporary order of support for defendant was issued, however, as the parties were living separate and apart. Four years later plaintiff relocated to Pennsylvania and brought another action for divorce, this time in the Pennsylvania Court of Common Pleas. Defendant appeared and defended. Ultimately, a divorce decree was issued and equitable distribution of the parties' marital property was effected. The Pennsylvania court, however, made no maintenance award. Rather, it expressly noted that "a New York court has already entered a maintenance order" and referred the parties to the New York courts for resolution of this issue.

Several months after rendition of the Pennsylvania divorce decree, defendant applied to Supreme Court, Broome County, for a modification of the prior support order. While the court initially granted the modification request, upon reapplication by plaintiff it revoked its prior determination and terminated defendant's support in its entirety on the ground that this "issue has been raised and decided by the * * * [Pennsylvania] Court of Common Pleas". Defendant appeals.

■ Initially, we note that to the extent Supreme Court grounded its termination of the support order upon the theory that the Pennsylvania judgment collaterally estopped defendant from relitigating this issue, such was error. It is clear from a reading of the Pennsylvania court's decision that the maintenance issue was neither litigated nor determined in that proceeding (see, e.g., Nikrooz v Nikrooz, 167 AD2d 334, 335; Mahoney v Mahoney, 131 AD2d 822, 823; Braunstein v Braunstein, 114 AD2d 46, 52-53, lv dismissed sub nom. Sorman-Braunstein v Braunstein, 68 NY2d 753).

■ This is not the end of the inquiry, however. Because the obligation of spousal support ordinarily exists only during marriage and terminates upon divorce, and because the support order sought to be modified here was entered *prior* to entry of the Pennsylvania divorce, resolution of the ultimate issue presented requires us first to determine whether the support order survived the Pennsylvania divorce. As we recently explained, because the divorce decree was issued from a foreign jurisdiction, resolution of this query necessitates exam-

ination of the law of the State issuing the divorce *(Frankel v Frankel,* 158 AD2d 750, 752). If under that State's law a prior temporary support obligation is deemed to be extinguished upon the subsequent entry of a divorce decree, under principles of comity the New York courts likewise will extinguish previously entered New York support orders *(see, supra).* Research into Pennsylvania law on this subject reveals it to be well established that a jurisdictionally valid bilateral domestic or foreign divorce decree does indeed terminate the spousal duty of support and necessitates vacatur of any prior support orders *(see, Watson v Watson,* 243 Pa Super 23, 28, 364 A2d 431, 433; *Commonwealth ex rel. Lorusso v Lorusso,* 189 Pa Super 403, 406, 150 A2d 370, 372; *see also, Stinner v Stinner,* 362 Pa Super 219, 523 A2d 1161, *revd on other grounds* 520 Pa 374, 554 A2d 45). While less clear, this proposition appears to apply regardless of whether the divorce court actually disposed of the issue of spousal maintenance, either by granting it or expressly denying it *(see, Watson v Watson, supra; Commonwealth ex rel. Lorusso v Lorusso, supra).* Application of the above principles to this case results in the conclusion that the New York support order at issue here has been extinguished. Accordingly, while we disagree with the apparent rationale underlying Supreme Court's determination, we agree that vacatur of the support order is warranted in this case.*

LEVINE, J. P. (dissenting). The majority correctly holds that Supreme Court's rationale for denying plaintiff's application for increased support, on the basis of full faith and credit and collateral estoppel, was erroneous. Nonetheless, the majority rules that the result was proper, apparently on the ground that the granting of the divorce in Pennsylvania terminated any existing matrimonial proceedings in New York and, therefore, the New York court lacked personal jurisdiction over plaintiff to impose any further obligation of defendant's support. The majority's suggestion that, despite the denial of her application, defendant may still have a New York remedy by bringing a proceeding for postforeign divorce maintenance pursuant to Domestic Relations Law § 236 (B) (2) is unrealistic, in view of the distinct unlikelihood that personal jurisdic-

---

* This conclusion does not leave defendant without a remedy, however. Inasmuch as the issue of maintenance was not addressed or resolved in the Pennsylvania divorce action, there is no bar to defendant now litigating that issue in New York in the posture of a proceeding pursuant to Domestic Relations Law § 236 (B) (2) for maintenance following a foreign judgment of divorce *(cf., Braunstein v Braunstein,* 114 AD2d 46, *supra).*

tion over plaintiff, now a Pennsylvania resident, could be acquired in this State in a new proceeding under section 236 (B) (2).

Under these circumstances, and in the interest of justice, we should have converted defendant's support-related application herein to a proceeding for postforeign divorce maintenance under Domestic Relations Law § 236 (B) (2), reversed Supreme Court's dismissal and remitted for trial or other disposition of the request for maintenance. Clearly, defendant's moving papers on her application for increased support were amply sufficient to provide plaintiff with notice of the relief sought and of the facts upon which the application was based, and thereby fulfilled the purpose of any pleading necessary to initiate a proceeding for postdivorce maintenance *(see, Matter of Marmo v Department of Envtl. Conservation,* 134 AD2d 260, 261). Thus, the form in which defendant's application was made should not prevent her from litigating the merits of the application *(see, supra).*

Nor is relief barred here because of lack of personal jurisdiction over plaintiff with respect to defendant's application, as the majority apparently concludes. Uncontestably, upon his motion for reargument plaintiff submitted papers opposing defendant's application on the merits and thereby personally submitted himself to the jurisdiction of the court *(see,* Siegel, NY Prac § 112, at 177-178 [2d ed]; *see also, Matter of Dewar v Cigarette Serv.,* 5 AD2d 764; *Matter of Gem Credit Corp. v Consolidated Edison Co.,* 25 Misc 2d 359, 360, *mod on other grounds* 13 AD2d 535, *appeal dismissed* 11 NY2d 876; 5 NY Jur 2d, Article 78 and Related Proceedings, § 147, at 572). Consequently, Supreme Court had acquired jurisdiction over the parties and there is no reason why this Court should not convert plaintiff's application to a proceeding in its proper form, i.e., an application for postforeign divorce maintenance *(see,* CPLR 103 [c]).

CASEY and HARVEY, JJ., concur with MAHONEY, J.; LEVINE, J. P., and MERCURE, J., dissent in a separate opinion by LEVINE, J. P.

Ordered that the order is affirmed, without costs.