■ MAUREEN O'CONNELL, Respondent, v JOHN J. O'CONNELL, Appellant. [641 NYS2d 174] —Cardona, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered June 1, 1995 in Albany County, which denied defendant's motion to dismiss the complaint on the ground of, *inter alia*, res judicata.

The parties were married in 1959 and a divorce action, based on cruel and inhuman treatment, was commenced by plaintiff in 1982. The action was dismissed after trial and, on appeal, this Court affirmed (*see, O'Connell v O'Connell*, 116 AD2d 823). Plaintiff relocated to Vermont and brought another action for

divorce, with venue in Bennington Family Court. That court sent defendant a "Notice of Hearing" dated December 1, 1994 indicating that a final hearing would be held on December 21, 1994 on the uncontested divorce and motion for property division. Defendant appeared on the return date. On that date, a final order granting plaintiff a divorce was issued. No provision, however, was made for the distribution of marital property nor was the issue litigated or alluded to in any way.

Plaintiff then commenced this action in New York, by complaint dated March 14, 1995, seeking equitable distribution. Defendant moved to dismiss the complaint upon the theory that, as a result of the Vermont order, plaintiff was barred by collateral estoppel and res judicata from pursuing the issue of distribution of marital property in this State. Supreme Court denied the motion giving rise to this appeal.

Domestic Relations Law § 236 (B) (5) (a) expressly permits a party to "obtain a distribution of marital property following a foreign judgment of divorce". The statute authorizes direct action to obtain economic rights following a foreign divorce decree and, clearly, on its face, entitles plaintiff herein to proceed with the action. Defendant, however, claims that because he appeared in the Vermont action and because the issue of property distribution *could* have been raised in that action, but was not, plaintiff is now barred from commencing a separate action in New York.

We disagree. We reach our conclusion based on the express provisions of Domestic Relations Law § 236 (B) (5) (a). As it has been stated: " 'Th[e] rather specific statutory language leaves little doubt that a spouse who is the subject of a divorce decree obtained from another jurisdiction, which decree does not resolve the issue of property distribution, is permitted to seek such a resolution in the New York courts. Significantly, the statute no longer requires that the spouse commencing the New York postdivorce proceeding establish that he or she was not subject to the personal jurisdiction in the foreign divorce action' " (*Mahoney v Mahoney*, 131 AD2d 822, 822-823, quoting *Braunstein v Braunstein*, 114 AD2d 46, 51, *lv dismissed sub nom. Sorman-Braunstein v Braunstein*, 68 NY2d 753). Therefore, in the instant case given that the issue of equitable distribution of the marital property was not resolved in the final Vermont order of divorce, nor addressed or litigated to any extent, the doctrines of collateral estoppel and res judicata do not bar plaintiff's action in this State seeking equitable distribution (*see, Miller v Miller*, 183 AD2d 395, *appeal dismissed* 81 NY2d 832; *Mahoney v Mahoney, supra*). The fact that the

divorce was bilateral as opposed to ex parte does not alter this result (see, supra).

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.