[649 NYS2d 302]

Patricia D. Erhart, Respondent, v John F. Erhart, Appellant.

Fourth Department, November 8, 1996

APPEARANCES OF COUNSEL

*Brian J. Barney,* Rochester, for appellant.

*Dutcher, Hagelberg & Zatkowsky,* Rochester *(Michael T. Hagelberg* and *Malinda Broikos* of counsel), for respondent.

## OPINION OF THE COURT

FALLON, J.

Defendant, John F. Erhart, appeals from an order of Supreme Court that denied his motion to dismiss this action for equitable distribution, maintenance and other relief brought by his former wife, plaintiff, Patricia D. Erhart. Defendant contends on appeal that the Full Faith and Credit Clause of the United States Constitution requires that New York courts recognize the parties' Pennsylvania divorce, mandating dismissal of this action on the ground of res judicata. We agree.

The parties were married on August 19, 1978 in New York State. No children were born of the marriage. In 1992 they separated, and plaintiff moved to Pennsylvania. In October 1993, defendant commenced an action for divorce in the Court of Common Pleas of Bucks County, Pennsylvania. On October 8, 1993, plaintiff was personally served with the complaint and a notice to defend and claim rights as required by Pennsylvania law.

A hearing in the action was scheduled for January 19, 1994. Plaintiff telephoned defendant's Pennsylvania attorney and advised him that she was not going to contest the action and did not intend to appear at the hearing.

The Court of Common Pleas issued a decree of divorce.

Approximately one year later, on March 20, 1995, plaintiff commenced this action seeking, *inter alia,* the equitable distribution of defendant's medical degree and license to practice medicine in New York. Although not dispositive of the issues raised on appeal, we note that Pennsylvania does not recognize a medical license as marital property subject to equitable distribution (*see, Hodge v Hodge,* 513 Pa 264, 269, 520 A2d 15, 17).

It is undisputed that the Pennsylvania court had personal jurisdiction over plaintiff, and that it had the constitutional power to adjudicate plaintiff's economic and marital property rights. It is well settled that the decree of a sister State in which both parties were subject to personal jurisdiction in that State is entitled to full faith and credit in the courts of New York (*see, e.g., Pearson v Pearson,* 108 AD2d 402, 404, *affd on other grounds* 69 NY2d 919).

It is also undisputed that the parties' claims for maintenance and equitable distribution were finally determined in the Pennsylvania action. Although the complaint in that action did not raise the issues of maintenance or equitable distribution, plaintiff received a notice with the complaint informing her that, if she failed to appear in the action, a judgment may be entered against her for any claims requested by defendant and that she "may lose money or property or other rights important to you". The notice further provided in relevant part:

"IF YOU DO NOT FILE A CLAIM FOR ALIMONY, MARITAL PROPERTY, COUNSEL FEES OR EXPENSES BEFORE THE FINAL DECREE OF DIVORCE OR ANNULMENT IS ENTERED, YOU MAY LOSE THE RIGHT TO CLAIM ANY OF THEM.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE" (see, Pa Rules Civ Pro, rule 1920.12 [c]; rule 1920.71).

Plaintiff, after consultation with a Pennsylvania attorney, made a knowing and voluntary decision not to appear before the Court of Common Pleas. In March 1994 a default decree of divorce was awarded in favor of defendant.

Pennsylvania law provides: "Whenever a decree or judgment is granted which * * * absolutely terminates the bonds of matrimony, all property rights which are dependent upon the marital relation, except those which are vested rights, are terminated unless the court expressly provides otherwise in its decree. All duties, rights and claims accruing to either of the parties at any time theretofore in pursuance of the marriage shall cease, and the parties shall severally be at liberty to marry again as if they had never been married" (23 Pa Cons Stat Annot § 3503). Further, under Pennsylvania case law, "[w]here * * * a final decree in divorce has been entered * * * in the absence of fraud, the decree constitutes a final determination of the rights between the parties" (Kadel v McMonigle, 425 Pa Super 253, 260-261, 624 A2d 1059, 1063, appeal denied 539 Pa 652, 651 A2d 539). After the issuance of the decree, under 23 Pennyslvania Consolidated Statutes Annotated § 3504, either party is free to dispose as he or she wishes of property titled in that party's name, and the other party is "estopped from attacking the title to such property in collateral proceedings" (Kadel v McMonigle, 425 Pa Super, supra, at 261, 624 A2d, supra, at 1063).

Pennsylvania and New York both have provisions that permit proceedings to obtain a distribution of marital property following a foreign judgment of divorce (see, 23 Pa Cons Stat

Annot § 3104 [d]; Domestic Relations Law § 236 [B] [2], [5]). Those provisions specifically authorize proceedings such as the instant one to secure distribution of marital property following a foreign judgment of divorce "as far as the Federal Constitution permits" (3B Freed, Brandes & Weidman, Law and the Family New York § 19:39, at 319 [2d ed rev]; *see,* 23 Pa Cons Stat Annot § 3104 [d]).

If the sister State court had jurisdiction to issue a divorce decree, the courts of this State must give the decree "the same credit, validity and effect as it has in the State which rendered it" (*Matter of Farmland Dairies v Barber,* 65 NY2d 51, 55, *rearg denied* 65 NY2d 924; *see, Williams v North Carolina,* 317 US 287, 293-294).

There is no question that, had plaintiff instituted this action in Pennsylvania, it would have been dismissed (*see, Kadel v McMonigle, supra*). In *Justice v Justice* (417 Pa Super 581, 612 A2d 1354, *appeal denied* 533 Pa 635, 621 A2d 581), the husband filed a divorce action in which the wife was served and appeared by her attorney. The wife thereafter defaulted and a decree was entered. The court wrote: "Since [the husband's] complaint did not assert any economic claims and [the wife] failed to respond to the complaint, the entry of the decree effectively foreclosed [the wife's] ability to make a claim for economic relief arising from the marriage" (*Justice v Justice,* 417 Pa Super, *supra,* at 583-584, 612 A2d, *supra,* at 1356, citing 23 Cons Stat Annot former § 401 [j], now 23 Pa Cons Stat Annot § 3503).

The law essentially is no different in New York. In *Boronow v Boronow* (71 NY2d 284), the parties litigated and obtained a divorce judgment. The wife's subsequent declaratory judgment action seeking one half of the marital estate, including the marital residence, was held to be barred by res judicata (*Boronow v Boronow, supra,* at 290). Thus, the effect of a divorce decree in both Pennsylvania and New York is to foreclose a later action to obtain equitable distribution or other economic relief, even where no such relief was sought by either party in the original divorce action.

In *Greene v Greene* (90 AD2d 533), the Second Department held that, where the plaintiff wife had personally appeared in a Florida action for divorce, "the Florida divorce decree is entitled to full faith and credit in New York with respect to the issue of alimony".

Plaintiff relies principally on *Braunstein v Braunstein* (114 AD2d 46, *lv dismissed sub nom. Sorman-Braunstein v Braun-*

*stein,* 68 NY2d 753) and *Mahoney v Mahoney* (131 AD2d 822), two Second Department cases decided after *Greene v Greene (supra). Braunstein* concerns a postdivorce New York proceeding for equitable distribution after a divorce decree had been entered in a Swedish court in a proceeding in which both parties had appeared and participated. The Swedish court entered a divorce decree that provided for custody, maintenance and visitation. The defendant asserted that Domestic Relations Law § 236 (B) did not permit an action for equitable distribution under the doctrines of collateral estoppel and res judicata. As the Court pointed out, "the divorce judgment rendered by the Swedish court did not consider or address issues concerning the proper distribution of the parties' property" (*Braunstein v Braunstein, supra,* at 54). The Court in *Braunstein* concluded that the equitable distribution cause of action was "not barred under the transactional analysis approach of the res judicata doctrine since the issue of property distribution was not addressed in the prior matrimonial action nor does it appear * * * that the parties sought such a resolution by the foreign tribunal" (*Braunstein v Braunstein, supra,* at 53-54). There was no showing that the plaintiff in *Braunstein* had the opportunity or that the court had jurisdiction to address those issues. Furthermore, the Full Faith and Credit Clause of the United States Constitution was not involved because a decree of a sister State was not at issue.

In *Mahoney v Mahoney (supra),* the husband sought a divorce in Florida. The wife, a New York resident, appeared through counsel. The wife thereafter commenced an action in New York seeking a divorce based on abandonment, and seeking maintenance and equitable distribution. A final judgment in the Florida action was entered, which granted the divorce and reserved jurisdiction over all marital assets in Florida, but did not address the parties' marital property in New York. The Court concluded that the Florida judgment did not bar the commencement of a New York action for equitable distribution of New York property and maintenance under Domestic Relations Law § 236 (B). The Court held that, because the issues of maintenance and equitable distribution of the New York property were not resolved in the final divorce judgment in Florida, neither the principle of collateral estoppel nor the doctrine of res judicata applied to bar the plaintiff's application for maintenance or equitable distribution of the New York property (*Mahoney v Mahoney, supra,* at 823). In our view, there is nothing in either *Braunstein* or *Mahoney* that diminishes the Second Department's holding in *Greene v Greene (supra).*

In a recent Third Department case, *O'Connell v O'Connell* (226 AD2d 950, *lv dismissed* 88 NY2d 963), the plaintiff wife relocated to Vermont after an unsuccessful action for divorce in New York and brought another action for divorce in Vermont. The court sent defendant a "Notice of Hearing", informing him that a final hearing would be held on the uncontested divorce and motion for property division. Defendant appeared on the return date. On that date, a final order granting plaintiff a divorce was entered but no provision was made for the distribution of marital property; the issue was neither litigated nor alluded to. Plaintiff thereafter commenced an action in New York seeking equitable distribution pursuant to Domestic Relations Law § 236 (B), which, as the Court noted, "expressly permits a party to 'obtain a distribution of marital property following a foreign judgment of divorce' " (*O'Connell v O'Connell, supra,* at 951). Defendant contended that, because he appeared in the Vermont action and because the issue of property distribution could have been raised in that action but was not, plaintiff was now barred from commencing a separate action in New York. The Court, relying on *Braunstein* and *Mahoney,* concluded that the " 'rather specific statutory language [of Domestic Relations Law § 236 (B) (5) (a)] leaves little doubt that a spouse who is the subject of a divorce decree obtained from another jurisdiction, which decree does not resolve the issue of property distribution, is permitted to seek such a resolution in the New York courts' " (*O'Connell v O'Connell, supra,* at 951).

In our view, *O'Connell* is factually distinguishable from this case, based upon its prior history and what would appear to be a virtually unannounced and unexpected arrival of the husband on the hearing date. In any event, to the extent that it is inconsistent with our decision herein, we decline to follow it. In our view, the Full Faith and Credit Clause of the United States Constitution requires the courts of this State to give the same effect to a properly obtained foreign divorce decree as the courts of the issuing State would give the decree. Accordingly, the order should be reversed, the motion granted and the complaint dismissed.

DENMAN, P. J., PINE, WESLEY and DAVIS, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed.