■ In the Matter of SAMUEL ROCHETTI, Appellant, v FRANCES ROCHETTI, Respondent. [653 NYS2d 676] —In a support

proceeding pursuant to Family Court Act article 4, the appeal is from (1) a nondispositional order of the Family Court, Rockland County (Warren, J.), dated October 30, 1995, which directed a judicial hearing to determine whether the Florida Circuit Court had personal jurisdiction over the petitioner when it issued a divorce decree on December 12, 1990, and (2) a dispositional order of the same court dated December 4, 1995, which determined that the State of Florida had no personal jurisdiction over the respondent when the divorce action was prosecuted.

Ordered that the appeal from the nondispositional order is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated December 4, 1995, is affirmed, without costs or disbursements.

The appeal from the nondispositional order is dismissed, as no appeal lies from that order as of right (see, Family Ct Act § 1112). However, the issues raised on appeal from the nondispositional order are brought up for review and have been considered on appeal from the dispositional order.

Liability for spousal support pursuant to Family Court Act § 412 depends upon the existence of a marital relationship and terminates upon divorce (see, Miller v Miller, 183 AD2d 395, 396; Frankel v Frankel, 158 AD2d 750,. 752). However, a New York support order is not terminated by a subsequent out-of-State divorce decree when the foreign State does not acquire in personam jurisdiction of the New York domiciled spouse in the divorce action (see, Frankel v Frankel, supra; Matter of La Duke v La Duke, 110 AD2d 930, 931; Matter of Hunter v Hunter, 41 AD2d 772, 773; Matter of Slemons v Slemons, 28 AD2d 634).

The record clearly establishes that Frances Rochetti was not subject to personal jurisdiction in the Florida divorce action prior to the entry of the judgment of divorce. The divorce decree indicates on its face that it was made upon Mrs. Rochetti's default, and Mrs. Rochetti testified that she never received a summons or notice of the Florida divorce action. She also testified that she first learned of the divorce through a family member in June 1991, six months after the judgment of divorce was entered. Thus, the prior New York support order was not terminated by the Florida divorce decree.

The appellant's remaining contentions are either not properly before this Court or without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.