■ Vicki E. Grotsky, Appellant, v Stephen R. Grotsky, Respondent. [617 NYS2d 517] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), entered November 7, 1991, which, *inter alia,* directed the equitable distribution of the marital property and awarded her spousal maintenance in the amount of $200 per week for five years or until such time as the plaintiff remarries or either party dies prior to the expiration of the five-year period, (2) from an order of the same court, entered April 1, 1993, which limited the awards to her for counsel fees and disbursements to $10,000 and $5,000, respectively, and denied her application for counsel fees and costs on appeal, (3) from an order of the same court, dated February 6, 1992, which granted the husband's motion to quash subpoenas served by the wife upon the husband's

attorney, and (4) from an order of the same court, dated February 6, 1992, which denied the wife's application for sanctions.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision in the second decretal paragraph thereof granting maintenance for a period of five years or until such time that the plaintiff remarries or either party dies prior to the expiration of such five-year period, and substituting therefor a provision granting permanent maintenance until such time that the plaintiff remarries or either party dies; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for an evidentiary hearing to determine the extent to which the husband dissipated marital funds stemming from the sale of the proceeds of the Franklin Fund shares and for entry of judgment for an amount equalling the wife's equitable share of that marital asset; and it is further,

Ordered that the order entered April 1, 1993, is modified, on the law and the facts, by deleting the provision in the first paragraph directing the defendant to pay to the plaintiff $10,000 as counsel fees and $5,000 for disbursements in connection with the divorce and equitable distribution action and substituting therefor a provision directing the defendant to pay to the plaintiff $30,000 as counsel fees and $10,000 for disbursements in connection with the action; as so modified, the order is affirmed; and it is further,

Ordered that the orders dated February 6, 1992, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The record reveals that in 1974, prior to the parties' marriage in 1977, the wife underwent surgery for the removal of a malignant melanoma in her left leg. In 1986, the wife retired from a clerical position on disability, at which point she owed her employer approximately 180 days for missed work due to her condition. Following her retirement, the wife began and continues to receive a monthly disability pension and social security benefits. The wife's treating physician opined at trial that the wife was disabled and unable to work due to "severe pain and disability in her extremity, secondary to edema and causalgia", noting that if she stands or sits for any period of time, the swelling in her leg causes her to have discomfort and spontaneous pain. In addition, the evidence indicates that the wife's condition will never improve, and may get worse.

We find that the testimony of the husband's medical expert was insufficient to overcome that of the wife's physician, and that the Supreme Court erred in limiting maintenance to five years (see, Domestic Relations Law § 236 [B] [6] [a] [3], [4]). We note that in the event the wife returns to work, the husband may seek a downward modification of the maintenance award (see, Domestic Relations Law § 236 [B] [9]).

Furthermore, the Supreme Court properly found that the Franklin Fund shares, some of which were purchased through an account in the wife's name only and all of which were at one time contained in the parties' joint account, were marital property (see generally, Glazer v Glazer, 190 AD2d 951; Di Nardo v Di Nardo, 144 AD2d 906). However, the court erred in holding that the husband was entitled to a credit for the dollar amount of his contribution toward the purchase of shares of the fund, since there was insufficient evidence in the record to support such a finding (see, Carney v Carney, 202 AD2d 907). The husband is therefore not entitled to a credit for the dollar amount of his separate property.

Moreover, the record supports the wife's allegations that the husband dissipated proceeds from the sale of the Franklin Fund shares just prior to the commencement of the divorce action (see, Domestic Relations Law § 236 [B] [5] [d]; Wilner v Wilner, 192 AD2d 524). The husband acknowledged that in June 1987 he sold the Franklin Fund shares for approximately $250,000 and placed the proceeds in a Manufacturer's Hanover account. When the divorce action commenced in November 1987 the Manufacturer's Hanover account contained only $33,510.44. While the Supreme Court found in its memorandum decision that the evidence only showed minor withdrawals from that account in the amounts of $200 each during the summer of 1987, the record indicates that the husband made withdrawals several times a day, sometimes totalling over $1,000 in a single day. In addition, the wife presented evidence that the husband's 1987 tax returns resulted in an overpayment in the amount of $53,943. We therefore remit the matter to the Supreme Court for a hearing to determine the extent of the husband's dissipation of the proceeds from the sale of the Franklin Fund shares and the amount of the wife's equitable share of that marital asset.

As to the award of counsel fees and disbursements to the wife, we find that the awards of $10,000 and $5,000, respectively, are insufficient under the circumstances. Accordingly, we have modified the awards to the extent indicated.

We have reviewed the wife's remaining contentions and find

that they are without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.