■ JESSICA L. MICHA, Appellant-Respondent, v PAUL R. MICHA, Respondent-Appellant. [624 NYS2d 465] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered March 1, 1994 in Chenango County, upon a decision of the court.

These cross appeals focus on the approach Supreme Court should take, in connection with its identification and valuation of the parties' separate and marital property and equitable distribution of the latter, with regard to marital property that has been applied to reduction of one party's individual indebtedness.

At the time of the parties' marriage, defendant owned and operated a dairy farm and was liable for payment of a number of loans he had incurred in connection with the purchase, lease or improvement of farm equipment and realty. During the marriage, farm income, undisputedly constituting marital

property, was used to make the scheduled payments on the loans and to reduce the principal balance thereof. Plaintiff urged before Supreme Court, as she does here, that the reduction of the principal balance of the loans effectively increased the "net" value of the separately owned assets encumbered thereby, resulting in their appreciation due at least in part to her efforts. Apparently crediting plaintiff's contention, in its identification of the parties' marital property, Supreme Court included $4,564 in principal payments on a loan secured by a purchase money security interest on defendant's trailer and $10,658 that had been paid toward the principal of his farm mortgage. As with the balance of the parties' marital property, these sums were distributed to the parties in equal shares. Apparently based upon a finding that marital funds used to make payments on other of defendant's loans "ha[d] not increased [the value of] the farm proper itself", Supreme Court refused to similarly recoup and distribute the principal portion of those payments.

Although we do not necessarily subscribe to plaintiff's reasoning that an increase in the net value of separate property by virtue of the application of marital property to reduction of indebtedness secured by a lien thereon constitutes an "appreciation [of separate property] * * * due in part to the contributions or efforts of the other spouse" within the purview of Domestic Relations Law § 236 (B) (1) (d) (3), that does not leave her without a remedy. In the recent case of *Carney v Carney* (202 AD2d 907), this Court was faced with a similar situation, came to the conclusion that marital funds should not be used to pay off separate liabilities and remedied the inequity by crediting the injured spouse with a sum equal to one half of the marital property thus applied *(see, supra,* at 908; *compare, Markel v Markel,* 197 AD2d 934, 935; *Lolli-Ghetti v Lolli-Ghetti,* 165 AD2d 426, *lv denied* 78 NY2d 864). Authority for that resolution can be found in the traditional notion that equity will intervene to remedy one spouse's breach of fiduciary responsibility or unjust enrichment by virtue of his or her expenditure of marital funds *(see, Jacobs v Abramoff,* 148 AD2d 497; 11C Zett-Kaufman-Kraut, NY Civ Prac § 61.01 [8] [b]; *see also,* Domestic Relations Law § 236 [B] [5] [d] [11] [permitting a court to consider a spouse's wasteful dissipation of marital assets in its distribution of marital property]). As such, we conclude that in effecting an equitable distribution of marital property, a court has the authority to effectively recoup marital funds applied to the reduction of one party's separate indebtedness and to distribute such funds to the

parties in accordance with Domestic Relations Law § 236 (B) (5) (c).

Thus, Supreme Court did not err in its determination to credit plaintiff with one half of the marital property applied toward the principal of defendant's premarital loans attributable to the farmhouse and trailer. Further, because equity requires the recoupment of marital funds applied toward the reduction of any separate indebtedness, unsecured or secured and irrespective of the effect on the net value of encumbered property, we conclude that Supreme Court erred in refusing to similarly recoup the marital funds applied toward other of defendant's premarital debts. Inasmuch as Supreme Court made no findings concerning the principal portion of those loan payments or the manner in which these funds should be distributed to the parties, we shall remit the matter for further proceedings consistent herewith. As a final matter, our decision should not be interpreted as mandating an equal division of the funds recovered by the marital estate. To the contrary, in a case such as this, Supreme Court should consider evidence, if any, of the fair rental value of the items of separate property that the marital partnership utilized in production of its income, particularly as balanced against the interest charges paid on the indebtedness attributable to the item, the actual depreciation the item suffered in that service or any other appropriate factor under Domestic Relations Law § 236 (B) (5) (d). Accordingly, a distribution of the greater portion or all of such funds to the party liable for payment of the separate indebtedness may be appropriate.

The parties' remaining contentions have been considered and found lacking in merit.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as identified and distributed the parties' marital property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.