■ CHARLES E. RAMSEY, Respondent, v VIRGINIA M. RAMSEY, Appellant. [641 NYS2d 194] —Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 19, 1995 in Columbia County, upon a decision of the court.

The parties were married in 1968. They separated in December 1989 and plaintiff commenced this divorce action in March 1991. In October 1993, Supreme Court conducted a trial of the disputed issues of identification and valuation of the parties' separate and marital property and equitable distribution of the latter. On this appeal, defendant challenges only three discrete aspects of Supreme Court's determination which, for the most part, effected an equal distribution of the parties' marital property. We perceive no merit in any of defendant's assertions of error and accordingly affirm Supreme Court's judgment.

Initially, we reject the contention that Supreme Court abused its discretion by failing to award defendant any part of the appreciated value of a residence that plaintiff purchased subsequent to the parties' separation but prior to the commencement of this action (*see*, Domestic Relations Law § 236 [B] [1] [c]), which he "gutted" and personally reconstructed for use as his own residence. To the contrary, considering the fact of the parties' separation and plaintiff's substantial and solitary improvements to the property, we conclude that Supreme Court effected an appropriate distribution of the marital portion of this asset by simply recouping to the marital estate the value of the marital property that had been applied toward its purchase (*see, Micha v Micha*, 213 AD2d 956).

We are also unpersuaded that Supreme Court erred in

merely permitting defendant to recover the $9,000 down payment she had contributed toward the purchase of the parties' marital residence and denying her the proportionate appreciation thereon. In view of the fact that the parties owned this property for over 20 years and their substantial personal efforts in improving it, we conclude that Supreme Court acted well within its discretion in crediting defendant for her contribution and distributing the balance of the value of the property to the parties in equal shares (*see*, *Zurner v Zurner*, 213 AD2d 906, 908, *lv denied* 87 NY2d 802; *Cleary v Cleary*, 171 AD2d 1076, 1077).

Finally, the parties having charted their own course and stipulated that Supreme Court award defendant one half of the present value of plaintiff's pension, to be determined on the basis of the written appraisals of the parties' respective experts, defendant will not be heard to complain that there was insufficient proof adduced on the issue of plaintiff's anticipated retirement age (*see*, *Trump v Trump*, 179 AD2d 201, 204, *appeal dismissed* 80 NY2d 892, *lv denied* 80 NY2d 760; *Theroux v Theroux*, 145 AD2d 625, 627). This is particularly so given defendant's burden of proving the value of plaintiff's pension (*see*, *Parrish v Parrish*, 213 AD2d 928; *Grenier v Grenier*, 210 AD2d 557, 558). Moreover, Supreme Court's determination to credit the appraisal prepared by plaintiff's expert, based upon a prospective retirement age of 63.75 (and not age 55, as presumed by defendant's expert), was supported by the greater weight of the trial evidence.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.