■ LESLIE VAIL-BESERINI, Respondent-Appellant, v WAHID A. BESERINI, Appellant-Respondent. [654 NYS2d 471] —Mikoll, J. P. Cross appeals from a judgment of the Supreme Court (Kahn, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 30, 1995 in Albany County, upon a decision of the court.

The parties were married on September 7, 1985 and had no children. Plaintiff met defendant in 1980 when she was employed as a practical nurse in defendant's office, W. A. Beserini, M.D., P. C. (hereinafter WAB), where he practiced as a cardiologist. Plaintiff became a registered nurse in 1983. In 1990 defendant merged his office into Albany Associates in Cardiology (hereinafter AAC).

Plaintiff commenced this action for divorce in October 1992 and defendant counterclaimed for divorce the following month. Supreme Court entered a dual judgment of divorce on the ground of cruel and inhuman treatment based on the admissions of the parties. The judgment of divorce contained the following rulings and awards regarding distribution of the assets of the parties: awarded the marital residence to defendant as separate property since as it was purchased by defendant prior to the marriage; dismissed that portion of plaintiff's complaint requesting imposition of a constructive trust on that property; awarded plaintiff 40% of the appreciation in value of defendant's medical practice, totaling $292,400; awarded plaintiff a horse farm known as the October Hill Farm (including the marital personal property in the farm) purchased with marital assets and valued at $182,000; ordered that proceeds of the sale of another horse farm, the Congress Hill Farm, valued at $238,000, be used to pay off the purchase money loan secured by the marital residence and ordered the balance to be equally divided between the parties; awarded plaintiff horses Teason and Chad, which were unvalued; awarded defendant horses Hassan, Ode and Porsche, which were also unvalued; held that the IRA account held in plaintiff's name (and rolled over to the WAB pension plan), valued at $104,296.33, be distributed to plaintiff; that maintenance in the sum of $4,500 per month be paid to plaintiff for four years; and that defendant pay plaintiff $50,000 for counsel fees and $17,069 for accounting fees. The parties each appeal.

Both parties contend that Supreme Court erred in its findings regarding the increased value of defendant's medical practice. Although Supreme Court's findings are not sufficiently developed to permit review of that court's calculations and dispositions on this issue (*see, Cerretani v Cerretani*, 221

AD2d 814, 816; *DeSantis v DeSantis*, 205 AD2d 928, 929-930), we find that the record is adequate to permit this Court to determine the value of the medical practice *de novo* and we will do so in the exercise of our discretion and in the interest of judicial economy (*see, White v White*, 204 AD2d 825, 827, *lv denied* 84 NY2d 977). We find as credible and persuasive the calculations and conclusions reached by plaintiff's expert accountant witness as to the appreciation in the value of defendant's medical practice except as noted *infra*. The conclusions and opinion of defendant's expert witness, with the exception noted, are insufficient to invalidate those of plaintiff's expert who concluded that the fair market value of defendant's interest in WAB (professional goodwill only) on September 7, 1985 was $107,000, his one-seventh interest in AAC on October 29, 1992 was $1,364,000, and the increase in the appreciation of value of defendant's interest in AAC in excess of the value of his interest in WAB on September 7, 1985 was $1,257,000. Plaintiff's expert also found that the fair market value of defendant's one-seventh interest in Albany Associates, Brown and Odabashian, P. C. (hereinafter BOC) on October 29, 1992 was $90,808. Both experts used the capitalization method to determine excess earnings to ascertain the goodwill of the practice.

However, we find that plaintiff's valuation of defendant's medical practice as of September 7, 1985 was understated due to his failure to include in his calculations the current assets of WAB ($225,000), his salary for 1985 ($202,000), his salary from St. Mary's Hospital ($75,000) and his pension contribution ($110,000), for a total practice income of $612,000 in addition to the goodwill allowance of $107,000.

Thus, the valuation of defendant's medical practice as of September 7, 1985 is $612,000 plus the $107,000 in goodwill or $719,000. The valuation of defendant's practice as of October 28, 1992 is $1,364,000 plus his interest in BOC of $90,000, totaling $1,454,000. Accordingly, the appreciation in value of plaintiff's medical practice is $735,000 and plaintiff is entitled to 40% of the $735,000 or $294,000 as a distributive award for the appreciation in value.

Both parties dispute Supreme Court's award of 40% of the increased value of defendant's medical practice to plaintiff; plaintiff asserts that she should have been awarded 50% of the increased value while defendant maintains that she is entitled to only 25%. Review of the record reveals that neither party has shown that Supreme Court abused its discretion in granting plaintiff 40% of the increased value (*see, Carpenter v*

*Carpenter*, 202 AD2d 813, 814; *Reina v Reina*, 153 AD2d 775, 777). The court properly considered the relevant factors in arriving at its conclusion, i.e., the parties age and health (*see*, Domestic Relations Law § 236 [B] [5] [d] [1]), as well as their joint efforts or expenditures and contributions and each of their respective services as a spouse, parent, wage earner and homemaker, and the career or career potential of plaintiff (*see*, Domestic Relations Law § 236 [B] [5] [d] [6]). Thus, plaintiff was properly awarded 40% of $735,000, that is, $294,000.

Plaintiff's claim that Supreme Court erred in awarding the marital residence and its entire value to defendant because a portion of the house is marital property as mortgage payments were made with marital assets, is without merit. Marital funds used to pay off the debt on separate property are to be credited to the marital estate only where the indebtedness was the result of expenditures for improvements or renovations to the separate property. This is not the case here and therefore the rule does not apply (*see*, *Ramsey v Ramsey*, 226 AD2d 989, 990; *Micha v Micha*, 213 AD2d 956, 957; *Carney v Carney*, 202 AD2d 907, 908). Accordingly, Supreme Court's award of the marital residence to defendant is not improper.

Plaintiff's alternative argument that Supreme Court improperly dismissed her cause of action to impose a constructive trust on the marital residence is rejected. Plaintiff has failed to demonstrate that the requirements for imposition of a constructive trust exist. There is no showing that any discernable injustice was involved (*see*, *Simonds v Simonds*, 45 NY2d 233, 241; *Sharp v Kosmalski*, 40 NY2d 119, 121). Plaintiff also has not demonstrated that there was "a transfer of funds or expenditure of effort, in reliance upon a promise, over and above that which could normally be attributed to the give and take of the marital relationship" (*Tidball v Tidball*, 93 AD2d 954, 955).

Plaintiff's arguments that Supreme Court improperly ruled in regard to her pension plan claims are without merit. The pension plans are not property improvements or renovations under the instant circumstances (*see*, *Ramsey v Ramsey, supra*, at 990; *Micha v Micha, supra*, at 957).

We do find merit, however, in plaintiff's contention that Supreme Court erroneously found that the Guardian Life insurance annuity policy, allegedly a 1983 purchase valued as of August 16, 1992 at $72,776.23, is separate property. There is insufficient evidence that it was not purchased with marital money (*see*, *Turner v Turner*, 145 AD2d 752, 753) and thus plaintiff is entitled to 40% of $72,776.23 ($29,110) as her distributive share of this asset.

We also agree with plaintiff's argument that Supreme Court's equitable distribution determination failed to consider defendant's interest in various limited partnerships and real estate interests (consisting of California Partners, $15,000; from other partnerships totaling $81,000; and $47,464 from other real estate investments through AAC). These assets were listed on defendant's net worth statement and included in plaintiff's proposed findings of fact. They were sufficiently shown to be assets claimed by defendant as separate property. However, as defendant failed to carry his burden of establishing that they were separate property, these assets totaling $163,790 are deemed marital property (*see, id.*). Plaintiff should be awarded 40% of this sum, that is, $57,382.

Plaintiff's claim that Supreme Court erroneously failed to consider tax refunds received by defendant for income taxes paid in 1992 is without merit (*see, Grotsky v Grotsky*, 208 AD2d 676). These were not taxes that were overpaid in the year of the commencement of the divorce action so as to dissipate defendant's assets (*see, id.*, at 678).

Plaintiff's assertion of error in the distribution of two horses she wanted, Ode and Hassan, which were allegedly given to her as gifts, is rejected. No abuse of Supreme Court's discretion has been shown in this matter which involved an assessment of credibility (*see, Carpenter v Carpenter*, 202 AD2d 813, 814, *supra*; *Reina v Reina*, 153 AD2d 775, 777, *supra*).

Also rejected is plaintiff's argument that Supreme Court, in making its distributive award, erroneously considered defendant's wasteful dissipation of $83,709.15 of marital assets from a certain bank account because it failed to consider various other transactions. Plaintiff's assertions are speculative or dependant on the credibility of witnesses and in such situations this Court accords the decision of the trial court due deference (*see, Lauria v Lauria*, 187 AD2d 888, 889; *Finch v Finch*, 177 AD2d 836, 837).

Plaintiff's contention that Supreme Court improperly failed to award her nondurational maintenance, based on the marital standard of living, her contributions during the marriage and her diminished skills and functioning resulting from injury she sustained in an auto accident, is rejected. Trial courts are afforded wide discretion in awarding maintenance (*see, Fischer v Fischer*, 199 AD2d 1028, 1029; *Fabricius v Fabricius*, 199 AD2d 695, 698). Determinations of the trial court regarding credibility and the weight of evidence are to be afforded great weight on review (*see, Blankenship v Kerr*, 225 AD2d 645).

Finally, we find merit in plaintiff's claim of error in Supreme

Court's award of counsel and expert witness fees to her; the court awarded her $50,000 as counsel fees and $17,069 in expert witness fees after adopting the findings of fact proposed by plaintiff listing counsel fees as $85,000 and expert witness fees as $24,194. The judgment must be modified to award plaintiff $85,000 in counsel fees and $24,194 in expert witness fees.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded equitable distribution to plaintiff for the appreciation of defendant's medical practice in the amount of $292,400 by amending the amount of the award in paragraph 1 of the judgment to $294,000; by amending the amounts of the four installments to $73,500 each; by amending the amounts awarded for counsel fees to $85,000 and expert witness fees to $24,194; by awarding plaintiff $29,110 representing her share of the Guardian Life insurance policy valued on August 16, 1992 at $72,776.23; by awarding plaintiff $6,000 as her interest in California Partners; awarding plaintiff $32,400 as her interest in other partnerships; and awarding $18,985 representing her interest in other real estate investments; and, as so modified, affirmed.