■ DOREEN GRAZIANO, Appellant, v MICHAEL GRAZIANO, Respondent. [727 NYS2d 473] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered May 26, 2000, which, after a nonjury trial, *inter alia*, denied her application for the exclusive occupancy of the marital residence until the parties' youngest child attained the age of 18, imputed income of only $45,000 to the defendant for purposes of determining the award of child support, and awarded her one-half of the funds on deposit in the parties' savings account as of the date of the commencement of this action.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting the third decretal paragraph thereof directing, *inter alia*, the defendant to pay the plaintiff the sum of $216.33 per week for child support, (2)

deleting from the sixth decretal paragraph thereof the provision awarding each party one-half of the amount of the funds in the parties' savings account as of the date of the commencement of the action, and (3) deleting from the seventh decretal paragraph thereof the provisions directing the plaintiff to vacate the marital residence and the defendant to pay the plaintiff $9,250 representing the plaintiff's share of the increase in value of the marital residence, and substituting therefor provisions awarding the plaintiff the exclusive occupancy of the marital residence until the parties' youngest child attains the age of eighteen and directing the defendant to pay the plaintiff the sum of $9,250 when the plaintiff vacates the marital residence; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and the entry of an appropriate amended judgment; and it is further,

Ordered that pending a new determination on the issue of child support, the defendant shall continue to pay to the plaintiff the sum of $216.33 per week for child support.

The Supreme Court erred in denying the plaintiff's application for the exclusive occupancy of the marital residence. Domestic Relations Law § 236B (5) (f) provides that the court may, in its discretion, make an order regarding the use and occupancy of the marital home "without regard to the form of ownership of such property" (Domestic Relations Law § 236B [5] [f]; see, Domestic Relations Law § 234; cf., Forbush v Forbush, 115 AD2d 335). At the trial, the defendant established that the marital residence was his separate property, thus requesting that the court award the residence to him exclusively. The plaintiff, however, established that, inter alia, based upon her limited income, she would be unable to acquire suitable alternative housing accommodations for herself and her two minor children in the same school district, in which both parties agreed the children should remain. Accordingly, the plaintiff is awarded exclusive occupancy of the residence until the youngest child attains the age of 18. In light of this determination, the defendant need not pay the plaintiff the increase in value of the residence in the amount of $9,250 until she vacates the premises (see, Ripp v Ripp, 38 AD2d 65, 70, affd 32 NY2d 755).

Furthermore, the court erred in calculating the defendant's child support obligation based upon an imputed income of only $45,000. While the court properly concluded that the defendant's account of his finances was not believable, the record

indicates that the defendant's income significantly exceeded the income imputed to him by the court (*see, Matter of Mobley-Jennings v Dare,* 226 AD2d 730; *Matter of Mireille J. v Ernst F. J.,* 220 AD2d 503). Accordingly, the matter is remitted for a hearing to determine the proper income which should be imputed to the defendant and for a recalculation of his child support obligation. In light of our determination that the plaintiff is awarded exclusive occupancy of the marital residence, the court should consider, in calculating the defendant's child support obligation, his contribution, if any, toward the carrying charges on the marital residence.

Finally, the court properly determined that the plaintiff was entitled to one-half of the funds in the parties' savings account at the time of the commencement of the divorce action (*see, Rywak v Rywak,* 100 AD2d 542). However, the defendant withdrew more than $20,000 from this account in the year preceding the commencement of this action. In light of the defendant's apparent dissipation of the funds in the savings account, the matter is remitted for a hearing to determine the nature and extent of the defendant's withdrawals and the amount of the plaintiff's equitable share of that marital asset (*see, Grotsky v Grotsky,* 208 AD2d 676, 678). Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.