■ MAUREEN O'CONNELL, Respondent, v JOHN J. O'CONNELL, Appellant. [736 NYS2d 728] —Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), ordering, inter alia, equitable distribution of the parties' marital property, entered September 11, 2000 in Albany County, upon a decision of the court.

Plaintiff and defendant were married in 1959 and have eight children, all of whom are emancipated. In 1982, the parties separated and plaintiff commenced an action for divorce alleging cruel and inhuman treatment. Following a trial, Supreme Court (Williams, J.) dismissed the action—on defendant's motion—for failure of proof and this Court affirmed (*O'Connell v O'Connell*, 116 AD2d 823). On December 21, 1994, plaintiff successfully obtained a judgment of divorce in Vermont which made no provision for the distribution of the parties' property.

On March 14, 1995, plaintiff commenced this action pursuant to Domestic Relations Law § 236 (B) (5) seeking distribution of marital assets subsequent to a foreign divorce. Following the denial of defendant's motion to dismiss on the ground that the action was barred by principles of res judicata and collateral estoppel—which was affirmed on appeal (*O'Connell v O'Connell*, 226 AD2d 950, *lv dismissed* 88 NY2d 963)—and after a nonjury trial, Supreme Court rendered a judgment essentially distributing the marital property equally and directing defendant to pay counsel fees. Defendant appeals.

We first address defendant's contention that Supreme Court erred in utilizing the date of commencement of the instant equitable distribution action as the "cutoff" date for the purpose of classifying assets as marital or separate property. Marital property is defined as "all property acquired by either or both spouses during the marriage and before the * * * commence-

ment of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]) and, thus, the selection of an appropriate cutoff date depends on the meaning ascribed to the statutory term "matrimonial action" (*see, Anglin v Anglin,* 80 NY2d 553, 558; *Marcus v Marcus,* 135 AD2d 216, 220-221, *amended* 137 AD2d 131). Defendant argues that plaintiff's unsuccessful 1982 action for divorce—which, notably, he opposed—signified the end of the parties' economic partnership and, thus, the date of commencement of that action should be used as the cutoff date for the acquisition of marital property. We disagree.

In our view, the term "matrimonial action" in Domestic Relations Law § 236 (B) (1) (c) does not include an action which, by virtue of a dismissal or discontinuance, neither terminates the marriage nor results in the equitable distribution of the parties' property (*cf., Anglin v Anglin, supra* [holding that the commencement of an action for separation is insufficient to cease the accrual of marital property]). Thus, Supreme Court correctly utilized the date of the commencement of the within action for equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [c]) as the appropriate cutoff date (*see, Matter of Ward v Ward,* 94 AD2d 908, 909; *McMahon v McMahon,* 187 Misc 2d 364, 366-367).* That is not to say, however, that the commencement of the prior action and the parties' conduct with respect to their property in the time between the actions should not be considered by the court in the exercise of its broad discretion to fashion an appropriate distribution of what is characterized as marital property (*see, Anglin v Anglin, supra,* at 558; *Michalek v Michalek,* 114 AD2d 655, 656, *lv denied* 69 NY2d 602).

We agree, however, with defendant's contention that Supreme Court failed to "set forth the factors it considered and the reasons for its decision" as mandated by Domestic Relations Law § 236 (B) (5) (g). A trial court need not discuss all of the statutory factors relevant to rendering an equitable distribution award and "[i]t is sufficient when * * * the court sets forth the factors which it did consider and states the reasons for its decision" (*Monette v Monette,* 177 AD2d 802, 803; *see, Reina v Reina,* 153 AD2d 775, 776; Domestic Relations Law § 236 [B] [5] [d]). Here, although Supreme Court carefully

---

* We note that defendant never argued that the appropriate cutoff date should be the commencement of the Vermont action which resulted in a 1994 judgment dissolving the marriage, perhaps because of its close temporal proximity to this 1995 action. Thus, we need not resolve the question of whether a prior action resulting in divorce in which property rights could have been resolved would close the door on the accumulation of marital property (*but see, Sullivan v Sullivan,* 201 AD2d 417, 417).

valued and ascertained the marital character of the parties' respective assets, it failed to explain in sufficient detail how the statutory factors led it to equitably fashion the distributive award. Nevertheless, because the record on appeal provides a basis for informed review, we exercise our authority to rule on the propriety of the equitable distribution award (*see, Chasin v Chasin*, 182 AD2d 862, 864), giving due consideration to the relevant factors and the circumstances of this case.

Mindful that "[e]quitable distribution of marital property is not synonymous with an equal distribution thereof" (*Pratt v Pratt*, 282 AD2d 941, 942-943), we acknowledge that where, as here, the contributions of the parties were comparable over the course of a lengthy marriage, a more or less equal distribution of marital assets is often appropriate (*see, Unger-Matusik v Matusik*, 276 AD2d 936, 937; *Ramsey v Ramsey*, 226 AD2d 989, 989; *Chasin v Chasin, supra*, at 866-867). Here, the parties married in 1959, at which point each was employed and making comparable salaries. They then resided together for the next 23 years, during which eight children were born. Plaintiff was not employed outside of the home from the time the parties' first child was born in 1960 until 1973, when she resumed her nursing career on a part-time basis and eventually returned to full-time employment. Defendant was consistently employed during the years the parties were married, as an officer in the operation of a local brewery and thereafter in a management position at Niagara Mohawk until, in 1994, he became unable to work due to a medical disability. Thereafter, he collected disability insurance compensation, Social Security benefits and Niagara Mohawk disability retirement benefits.

The parties were both 62 years old at the time of the trial. Defendant was residing in the former marital residence and collecting approximately $2,200 per month in retirement benefits, $1,291 in Social Security and an additional $100 per month in disability insurance income. He maintains various investments and bank accounts. Plaintiff was making $54,000 a year and owns a home in which defendant has not claimed any interest. Plaintiff and the children left the marital residence when the parties separated in 1982—taking essentially no marital property with them at that point—and all of the children continually resided with her until their emancipation, assisted by defendant's child support payments (*see,* Domestic Relations Law § 236 [B] [5] [d] [3], [13]). In addition, we note that the marital property acquired during the parties' separation—and distributed in this action—consists largely of the appreciation of marital property which was acquired while the

parties still resided together, rather than property obtained as a result of defendant's individual efforts following their separation. In considering the impact of the parties' lengthy separation, we find it significant that defendant challenged and successfully defeated the 1982 divorce action, and subsequently failed to demonstrate any unfairness in permitting plaintiff to share in property acquired in the ensuing years. Under these circumstances, we find it appropriate that Supreme Court divided the marital assets equally, including defendant's pension, despite the significant period of time that the parties lived separately prior to obtaining a divorce (*see, Unger-Matusik v Matusik*, 276 AD2d 936, *supra*; *Ramsey v Ramsey*, 226 AD2d 989, *supra*; *Chasin v Chasin*, 182 AD2d 862, *supra*).

Next, we find that Supreme Court properly rejected defendant's argument that he is entitled to a credit for his separate property contributions to the marital residence in light of the absence of proof on that issue (*see, Seidman v Seidman*, 226 AD2d 1011, 1012-1013). Likewise, it was defendant's burden to prove his contention that his monthly disability payments are compensation for personal injury and, in light of his failure to present evidence on that issue, Supreme Court properly distributed those payments between the parties (*see, Allwell v Allwell*, 277 AD2d 789, 790; *Parrish v Parrish*, 213 AD2d 928, 928-929). The record also clearly supports Supreme Court's finding that the three life insurance policies owned by the parties—two by plaintiff and one by defendant, all insuring defendant's life—were marital property inasmuch as all premiums were paid with marital assets during the marriage and subject to waiver of the payment of premiums since 1994 because of defendant's disability (*see, Dougherty v Dougherty*, 256 AD2d 714, 715-716; *Vail-Beserini v Beserini*, 237 AD2d 658, 660).

We reject defendant's invitation to revisit our prior decision in which we held that the final order of divorce obtained by plaintiff in Vermont did not bar this action for equitable distribution under the doctrines of collateral estoppel and res judicata. Finally, defendant's contention that he was not on notice that plaintiff was seeking to recover counsel fees is without merit inasmuch as plaintiff sought reasonable counsel fees in her complaint, made a posttrial motion for such relief and defendant filed an affidavit in opposition which did not request a hearing on that issue. Under the circumstances of this case, we cannot say the award of counsel fees to plaintiff in the reasonable sum of $5,000 was an abuse of the court's broad discretion

(*see, Gundlach v Gundlach,* 223 AD2d 942, 942-943; *see also,* Domestic Relations Law § 237 [a]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.