CONSTANCE A. COZZA, Respondent, v RONALD P. COLANGELO, SR., Appellant. [747 NYS2d 641] —Appeal from an order of Supreme Court, Oneida County (Tenney, J.), entered February 20, 2001, which directed plaintiff to pay the sum of $25,000 to defendant as equitable distribution of "all marital assets" and directed plaintiff to deed her interest in the marital property to defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law and on the facts by providing in the second ordering paragraph that plaintiff shall pay the sum of $45,841 to defendant as equitable distribution of the marital assets and as modified the order is affirmed without costs. All findings of fact contained in the decision of Supreme Court, Oneida County, that are inconsistent with the Memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following Memorandum: Plaintiff commenced this divorce action in September 1999. After Supreme Court issued a decree

of divorce, defendant moved to "[r]e-open trial" to address, among other things, the issue of equitable distribution, particularly with respect to plaintiff's enhanced earning capacity. The court granted the motion in part and, after hearing testimony from plaintiff, defendant, plaintiff's expert accountant, and defendant's expert economist, the court ordered plaintiff to pay defendant $25,000 as equitable distribution of "all marital assets." We agree with defendant that the court failed to make the necessary findings with respect to the value of plaintiff's college and medical degrees and failed to "set forth all the factors it considered and the reason for its decision" (*O'Brien v O'Brien,* 66 NY2d 576, 589; *see* Domestic Relations Law § 236 [B] [5] [d], [g]; *Hartnett v Hartnett,* 281 AD2d 900, 900). Nevertheless, we exercise our authority to make the appropriate equitable distribution award where, as here, the record is sufficient to enable us to do so (*see O'Connell v O'Connell,* 290 AD2d 774, 776; *Greenfield v Greenfield,* 234 AD2d 60, 60).

As the court properly determined, portions of plaintiff's college and medical degrees are marital property subject to equitable distribution (*see O'Brien,* 66 NY2d at 584; *Brough v Brough,* 285 AD2d 913, 914). Plaintiff returned to college as an undergraduate in 1990; prior to the marriage, she had earned one fifth of the credits required to graduate. She graduated from college in May 1993 and began medical school in August 1993. Plaintiff graduated from medical school in May 1997 and completed her one-year internship in the summer of 1998, and she commenced this action in September 1999. We conclude that the proper valuation date for plaintiff's college and medical degrees is the date of the commencement of the action (*see* Domestic Relations Law § 236 [B] [1] [c]; [4] [b]; *McSparron v McSparron,* 87 NY2d 275, 287-288, *rearg dismissed* 88 NY2d 916; *Lipsky v Lipsky,* 276 AD2d 753, 753-754). Plaintiff had previously commenced a divorce action in October 1995, but that action was dismissed. Thus, the prior action does not constitute a "matrimonial action" within the meaning of Domestic Relations Law § 236 (B) (1) (c) and (4) (b) because it neither ended the marriage nor resulted in equitable distribution of the parties' property (*see O'Connell,* 290 AD2d at 775).

The parties' experts testified to significantly different values for the enhanced earning capacity of plaintiff attributable to her college and medical degrees. We conclude that the testimony of plaintiff's expert more accurately reflects plaintiff's enhanced earning capacity. Defendant's expert made assumptions in his calculations that are not supported by the record. For example, in calculating plaintiff's enhanced earning capac-

ity as a physician, defendant's expert assumed that plaintiff would earn the average salary for all physicians, including specialists, even though at the time this action was commenced plaintiff lacked the education and training to be a specialist.

Plaintiff's expert testified that the value of plaintiff's enhanced earning capacity attributable to the college degree is $146,944. Because plaintiff earned one fifth of the credits toward that degree prior to the marriage, only 80% of that amount, or $117,555, is subject to equitable distribution (see Vora v Vora, 268 AD2d 470, 471). Plaintiff established at trial that she took out approximately $30,000 in college loans during the marriage. Therefore, the value of plaintiff's enhanced earning capacity attributable to plaintiff's college degree is $87,555. Plaintiff and defendant each testified concerning the contributions made by defendant to plaintiff's acquisition of that degree (see generally Brough, 285 AD2d at 914-915; Murtari v Murtari, 249 AD2d 960, 961, appeal dismissed 92 NY2d 919, cert denied 525 US 1072; Duspiva v Duspiva, 181 AD2d 810, 811, lv denied 80 NY2d 752, rearg denied 80 NY2d 926). Although defendant made no financial contributions to plaintiff's college education, he was working during the majority of the time that plaintiff was in college, and he paid a portion of the family expenses. In addition, he cooked meals, cared for the parties' three children, and performed housework. During the time that plaintiff was in college, she did not work but she paid the remaining portion of the family expenses through her student loans. Under these circumstances, we find that defendant is entitled to 30% of the value of plaintiff's enhanced earning capacity attributable to the college degree, or $26,266.

Plaintiff's expert testified that the value of plaintiff's enhanced earning capacity attributable to the medical degree is $385,748. After adjusting for the loans plaintiff took out to obtain that degree, we find that the value of plaintiff's enhanced earning capacity attributable to plaintiff's medical degree is $195,748. Defendant testified that, during plaintiff's first two years of medical school, he was unemployed due to a disability and spent his time caring for the children and performing household duties. He had more responsibilities with respect to the children and the household during that time than when plaintiff was attending college because medical school consumed more of plaintiff's time. Defendant did not contribute to plaintiff's medical school expenses and made minimal contributions to the family expenses through income from workers' compensation. Plaintiff left the marital residence in the summer of 1995. From that time until she

obtained her medical degree, defendant made no significant economic or noneconomic contributions to plaintiff's attainment of that degree. Although defendant had custody of the children since February 1996, that was the result of a court order after a contested custody proceeding. We find that, based on defendant's substantial contributions during plaintiff's first two years of medical school (*see generally Brough,* 285 AD2d 914; *Murtari,* 249 AD2d 960), defendant is entitled to 10% of the value of plaintiff's enhanced earning capacity attributable to the medical degree, or $19,575.

We reject the contention of defendant that he is entitled to any portion of the value of plaintiff's enhanced earning capacity resulting from plaintiff's training to be an anesthesiologist. At the time the divorce action was commenced, plaintiff had completed less than one year of a three-year residency in anesthesiology. During that time, the parties were separated and defendant made no showing that he contributed to her training for that specialty (*see Small v Small,* 227 AD2d 949).

We also reject the contention of defendant that he is entitled to a portion of the value of plaintiff's residence. Plaintiff purchased that property during the marriage but after the parties had separated. Plaintiff made a small down payment on the house, using funds from her student loans. Because the net value of the property was minimal and the property was purchased at a time when the parties no longer had an economic partnership, we conclude that it would be inequitable to distribute a portion of that marital asset to defendant.

We have considered defendant's remaining contentions and conclude that they are without merit. We modify the order, therefore, by providing in the second ordering paragraph that plaintiff shall pay the sum of $45,841 to defendant as equitable distribution of the marital assets. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.