■ LYNNE LEWIS, Respondent, v RAYMOND LEWIS, Appellant. [775 NYS2d 387]—

Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Hall, J.), entered March 6, 2003 in Saratoga County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff and defendant were married in November 1987 and have three children (born in 1990, 1992 and 1995). On August 28, 2001, plaintiff commenced an action for divorce. Following a trial, Supreme Court granted plaintiff a divorce and awarded the parties joint custody of the children pursuant to stipulation. Pursuant to an order, defendant was obligated to pay weekly maintenance of $200 until August 21, 2005 and $414 weekly child support. The court awarded the parties ownership of specific vehicles and other items of personal property. It further set forth to each party a 50% distribution of other assets, essentially effecting an equal distribution of the parties' marital property. Supreme Court classified the marital residence as defendant's separate property and awarded plaintiff the sum of $23,500.50, representing her equitable share (50%) of the marital funds used to reduce defendant's mortgage indebtedness on that property. The court also directed defendant to pay the parties' credit card debt in the amount of $4,832.05 and, following a hearing, awarded plaintiff counsel fees in the amount of $9,500.* On appeal, defendant challenges Supreme Court's award to plaintiff of one half of the marital funds expended to reduce the mortgage indebtedness, the allocation of the credit card debt and the award of counsel fees.

Initially, we note that there is no dispute over the classification of the marital residence as separate property, since defendant purchased it in July 1986 prior to the marriage (see Domestic Relations Law § 236 [B] [1] [d] [1]). Defendant financed the purchase in part by a mortgage taken out in 1986 in the amount of $83,040. Defendant refinanced the property in 1992 for $102,000 and again in 1993 for $98,850. By October 1, 2001, a month after commencement of the divorce, the remaining balance on the indebtedness was $60,627. The record supports Supreme Court's finding that a total of $47,001 in marital funds were used to make payments on the mortgages between the parties' marriage and the commencement of the divorce.

---

* Supreme Court acknowledged defendant's payment of $2,000 of this award, leaving a balance of $7,500.

Defendant asserts two reasons why plaintiff should not be credited with any of the payments used to pay the mortgage debt on the marital residence. First, relying on this Court's decision in *Vail-Beserini v Beserini* (237 AD2d 658 [1997]), he argues that no credit is due plaintiff because no part of the mortgage debt was incurred for improvements or renovations resulting in an increase in the value of the marital residence. To the extent that *Vail-Beserini* may be read as supporting that view, it should not be followed. We reaffirm our position that "marital funds should not be used to pay off separate liabilities" and, whenever that occurs, the inequity may be remedied by permitting the injured spouse to recoup his or her equitable share of the marital funds so used (*Micha v Micha*, 213 AD2d 956, 957 [1995]; *see Carr v Carr*, 291 AD2d 672, 676 [2002]; *Alessi v Alessi*, 289 AD2d 782, 783 [2001]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]; *Markopoulos v Markopoulos*, 274 AD2d 457, 458-459 [2000]; *Carney v Carney*, 202 AD2d 907, 908 [1994]).

Second, defendant claims that plaintiff should not be credited with any of the marital funds used to pay the mortgage debt because she received the benefit of the mortgage proceeds as they were contributed to the family. We find this argument persuasive to the extent that it is supported by proof in the record. Plaintiff specifically testified on cross-examination that $20,000 in mortgage proceeds were used to purchase defendant's truck, a marital asset which was equitably distributed. The acquisition of that marital asset increased the mortgage indebtedness on the marital residence by $20,000. That amount should not be included in the calculation of the total marital funds expended to pay the mortgage indebtedness because that would mean that plaintiff would receive the benefit of that sum twice—first, through the acquisition of the marital asset during the marriage and again through recoupment of her equitable share of the marital funds used to pay the mortgage debt attributable to the asset. Such a result would be inequitable. Accordingly, reducing the $47,001 total in marital funds expended to pay the mortgages by $20,000, we reduce plaintiff's equitable share of the remaining $27,001 to $13,500.50.

Defendant also contends that Supreme Court erred when it allocated the parties' credit card debt solely to him. While it is generally true that "outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided" (*Feldman v Feldman*, 204 AD2d 268, 270 [1994]), liability for the payment of marital debts need

not be equally apportioned but may be distributed in accordance with the factors set forth in Domestic Relations Law § 236 (B) (5) (d) (*see Matter of State of New York v Goldstein*, 170 AD2d 789, 791 [1991], *lv denied* 78 NY2d 861 [1991]). Here, Supreme Court found the credit card debt minimal and allocated it entirely to defendant in recognition that his earning potential would remain greater than that of plaintiff (*see* Domestic Relations Law § 236 [B] [5] [d] [1]) "for at least the next few years." We find no abuse of the court's discretion in that regard.

Turning to defendant's argument that Supreme Court erred by awarding counsel fees to plaintiff, we note that the court properly considered the financial circumstances of both parties (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]) and we find no abuse of Supreme Court's discretion in making that award.

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reducing plaintiff's equitable share of the marital funds used to make the mortgage payments from $23,500.50 to $13,500.50, and, as so modified, affirmed.