■ DAVID H. BURTCHAELL, Respondent-Appellant, v SUSAN BURTCHAELL, Appellant-Respondent. [840 NYS2d 449]—

Kane, J. Cross appeals (1) from a judgment of the Supreme Court (Kavanagh, J.), entered February 16, 2006 in Ulster County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered February 16, 2006 in Ulster County, which, inter alia, denied defendant's motion to set aside certain portions of the prior decision.

The parties were married on October 27, 1994 and have one child (born in 1997). Plaintiff commenced this divorce action in 2004 and defendant counterclaimed. Prior to trial, the parties stipulated that plaintiff would not oppose defendant's grounds for divorce and reached an agreement that defendant would have sole custody of their child and plaintiff would have visitation. Following trial, Supreme Court granted defendant a divorce, distributed the marital property and ordered plaintiff to pay defendant maintenance and child support. Each party moved for posttrial relief, which the court denied. Both parties appeal from the court's judgment of divorce and the subsequent order addressing their posttrial motions.

Supreme Court did not abuse its discretion in determining the amount of maintenance. The amount and duration of maintenance are generally left to the trial court's discretion, as long as the court considers the statutory factors and explains the

bases for its conclusions (*see Carman v Carman*, 22 AD3d 1004, 1008 [2005]). If the court does not specifically identify the factors relied upon, this Court can review the record to verify that the facts support the court's findings (*see Moschetti v Moschetti*, 277 AD2d 838, 838-839 [2000]). Maintenance is designed to provide temporary support while one spouse gains skills, education or experience necessary to become self-sufficient (*see Carman v Carman, supra* at 1008). The parties were in their early 40s, plaintiff had prior back problems, defendant was disabled due to seizures, anxiety and depression and their son had multiple disabilities. Plaintiff was employed and also received minimal income from his self-run business, although the court did not quantify the exact amount of such income. Defendant received Social Security disability benefits and rental income from apartments in the marital residence, which the court found to be separate property. Although defendant has been disabled since 1997 and takes care of the parties' son, she previously worked full time and she acted as a bookkeeper for plaintiff's business during the marriage notwithstanding her disability and the child's disability. The record does not reveal the extent of her disability, but does demonstrate her ability to work at home as a bookkeeper. Considering these circumstances, we cannot say that the court abused its discretion in setting a two-year limit on maintenance (*see Zabin v Zabin*, 176 AD2d 262, 263 [1991]; *compare Malamut v Malamut*, 133 AD2d 101, 103 [1987]).

We must clarify and adjust Supreme Court's determination of plaintiff's income for child support purposes. Defendant contends that the court should have imputed income to plaintiff from his business; in fact the court did, albeit in an unorthodox manner. Because it was impossible to determine how much income plaintiff reaped from his business, the court found that the amount was minimal and could be adequately absorbed by simply declining to deduct plaintiff's $200 per week maintenance obligation from his gross income prior to determining the child support award. That maintenance obligation should have been deducted to determine plaintiff's income (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Although the trial court has considerable discretion in fashioning a support award, including the imputation of income to a party for support purposes (*see Spencer v Spencer*, 298 AD2d 680, 681 [2002]), the court here erred in the method of calculating support. While both approaches may appear to result in the same amount of child support, the proper method is to add in $200 per week as income imputed to plaintiff from his business, then subtract his $200 per week maintenance obligation.

We also must correct Supreme Court's mathematical calculation of support. Plaintiff's gross salary of $39,000, plus $10,400 in imputed income, minus $2,984 for FICA and $10,400 for his maintenance obligation, gives him an income of $36,016 for child support purposes. Accepting the court's figure of $25,800 as defendant's income, the combined parental income is $61,816. Plaintiff's 17% basic child support obligation considering his 60% contribution to the combined parental income gives rise to a monthly award of $525, not $510 as the court ordered.

Plaintiff was not entitled to a portion of the equity in the marital residence gained through a reduction in the mortgage balance. The residence was defendant's separate property, having been acquired prior to the marriage. If marital assets are used to reduce one party's separate indebtedness, the other spouse can recoup his or her equitable share of the expended marital funds (*see Lewis v Lewis*, 6 AD3d 837, 839 [2004]; *Micha v Micha*, 213 AD2d 956, 957 [1995]). Both parties testified that rental income from apartments on the property produced nearly enough money to pay the mortgage, and there was no proof that any mortgage payments were made using marital funds. Under these circumstances, Supreme Court appropriately refused to allow plaintiff to recoup any portion of the reduction of the mortgage debt (*see Spilman-Conklin v Conklin*, 11 AD3d 798, 801 [2004]).

Plaintiff should not have received a $12,000 credit for marital assets allegedly used to pay off a loan to defendant's parents. Plaintiff claimed that defendant borrowed $24,000 to purchase her ex-husband's interest in the marital residence. Although defendant was required as part of her first divorce to buy out her former husband's interest in jointly-owned property, there was no proof to establish how the buy-out was paid. Additionally, plaintiff acknowledged that he did not know the amount of the alleged loan or the repayment schedule. There is no proof that, even if a loan existed, it remained unpaid by the time of the parties' marriage two years later, or that marital funds were used for repayment. Based on the lack of proof, plaintiff should not have been credited $12,000 toward the repayment of an alleged loan from defendant's parents (*see Spilman-Conklin v Conklin, supra* at 801).

Supreme Court found that plaintiff's business was marital property, a determination that will not be reviewed because plaintiff did not appeal from that finding. The court found that the business had minimal income, so it awarded the business to plaintiff to offset his $12,000 credit from the marital residence. This determination, having been challenged by defendant, is

properly before us. Neither party submitted an appraisal or valuation of the business. Tax returns showed that the income from the business in the year prior to commencement of the action was basically cancelled out by debts, expenses and depreciation, resulting in no taxable income. The business owned some assets, such as a truck and trailer, but the proof regarding the equity in those assets was slim. Granting deference to the court's analysis of the weight of the evidence, as the trier of fact, we will not disturb its finding that defendant is entitled to $12,000 as her equitable portion of the business (*see Carlson-Subik v Subik*, 257 AD2d 859, 862 [1999]). Because we eliminated plaintiff's $12,000 credit, he must pay defendant that amount as a distributive award.

Supreme Court's remaining distributions were proper. The New Hampshire property given as a gift by plaintiff's father and deeded solely into plaintiff's name was plaintiff's separate property, not subject to equitable distribution (*see Allen v Allen*, 263 AD2d 691, 692 [1999]). By transferring her premarital shares of stock into both parties' names, defendant subjected that stock to a presumption that it was marital property and she failed to present clear and convincing evidence that the joint naming was merely for convenience (*see Chiotti v Chiotti*, 12 AD3d 995, 996-997 [2004]; *Kay v Kay*, 302 AD2d 711, 713 [2003]; *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]). The vacant lot next to the marital residence was contracted for prior to the marriage, but the deed, listing both parties as owners, was signed four days after the marriage, creating a presumption that the lot is marital property.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, on the law, without costs, by reversing so much thereof as awarded plaintiff a $12,000 credit and as awarded defendant child support in the amount of $510 per month; plaintiff to pay defendant $12,000 as a distributive award and $525 per month in child support; and, as so modified, affirmed.