■ VIVIAN MONTALVO, Appellant, v JOSE L. MONTALVO, Respondent. [842 NYS2d 504]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Krauss, J.), dated February 16, 2007, as granted those branches of the defendant's motion which were to establish February 4, 1999, as the last date for the identification, classification, and valuation of the parties' marital assets, and for a protective order quashing certain nonparty subpoenas, and denied her cross motion to compel compliance with the nonparty subpoenas and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR part 130.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to establish February 4, 1999, as the last date for the identification, classification, and valuation of the parties' marital assets, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in granting that branch of the

husband's motion which was to establish February 4, 1999, the date that a prior matrimonial action was commenced, as the last date for the identification, classification, and valuation of the parties' marital assets.

The prior matrimonial action, commenced by the husband on the ground of abandonment, was dismissed in its entirety on the merits following a trial. Such a dismissal on the merits foreclosed any claim or entitlement of the husband to equitable distribution of the parties' marital property in that action (*see* Domestic Relations Law § 236 [B] [5]). Thus, the commencement date of the prior dismissed action may not be utilized as a "cut-off" date for the accumulation of marital property for the purpose of identifying, classifying, and valuing that property in connection with its equitable distribution (*see Cozza v Colangelo*, 298 AD2d 914 [2002]).

Nonetheless, the parties' conduct with respect to their property during the interval between the dismissal of the first action and the commencement of the instant action may, if deemed appropriate, be considered by the Supreme Court in the exercise of its broad discretion to fashion an appropriate distribution of what is characterized as marital property (*see Anglin v Anglin*, 80 NY2d 553, 558-559 [1992]).

The wife's remaining contentions are without merit (*see* CPLR 3101 [a] [4]; *Moran v McCarthy, Safrath & Carbone, P.C.*, 31 AD3d 725 [2006]; *see also* CPLR 3214 [b]; 3103 [b]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.