■ JUDY BONANNO, Respondent, v JOHN BONANNO, Appellant. [870 NYS2d 551]—

Cardona, P.J.

Plaintiff and defendant were married in February 1998 and have three children. In September 2005, plaintiff commenced this action for divorce. Upon withdrawal of defendant's answer and counterclaims, Supreme Court entered a default judgment of divorce. The parties stipulated to numerous matters and, following a nonjury trial on the remaining contested issues, Supreme Court, among other things, denied defendant any

---

interest in the appreciation of plaintiff's separate property—a condominium—and determined that plaintiff was entitled to retroactive credit for certain pension benefits.

With respect to the condominium, defendant contends that Supreme Court abused its discretion in not equitably distributing the appreciated value as marital property. We do not agree. The condominium, having been purchased by plaintiff prior to the marriage, was clearly separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]) and, therefore, any increase in value remains separate property "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]; *see Hartog v Hartog*, 85 NY2d 36, 45-46 [1995]; *Price v Price*, 69 NY2d 8, 15 [1986]). Defendant, as the nontitled spouse claiming such interest, bore the burden of establishing that the increased value was due in part to his efforts as opposed to market forces or other unrelated factors (*see Golub v Ganz*, 22 AD3d 919, 922-923 [2005]; *Lawson v Lawson*, 288 AD2d 795, 796 [2001]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]).

Turning to the proof, defendant testified regarding the general maintenance that the parties performed at the condominium, which included painting, caulking, arranging for carpet installation and replacement of appliances, and also his dealings with the Boston Housing Authority in regard to tenant matters. We have also considered that it is undisputed that no renovations or structural changes to the condominium were made during the course of the marriage. Notably, plaintiff's testimony established that property values have increased dramatically as a result of revitalization of the neighborhood due in large part to the recent construction of luxury condominiums across the street from the condominium. Under all the circumstances, we cannot say that Supreme Court abused its discretion in finding that the increase in value resulted from market forces.

We do find merit, however, in defendant's contention that he is entitled to recoup his share of the marital funds expended in connection with the condominium. The parties agree that the rents from the condominium were deposited into a joint account and reported on the parties' joint tax returns. Once the rents were commingled in the parties' joint account, that money presumptively became marital property (*see Carney v Carney*, 202 AD2d 907, 908 [1994]). The issue herein is whether that presumption has been rebutted. The record establishes that $112,570 was expended during the course of the marriage to pay the mortgage and other expenses associated with the condominium. The record further establishes that rental income

totaled $76,718, and all of this amount can undisputably be traced to paying expenditures associated with the condominium. Therefore, to that extent, plaintiff overcame the presumption that the rents, once deposited, became marital property (*see Mink v Mink*, 163 AD2d 748, 749 [1990]; *cf. Burtchaell v Burtchaell*, 42 AD3d 783, 786 [2007]; *Carney v Carney*, 202 AD2d at 908; *Lischynsky v Lischynsky*, 120 AD2d 824, 826 [1986]). After the rents were applied to the $112,570 total costs, that left the amount of $35,852 in condominium expenses that were paid using marital funds. Accordingly, we find that defendant is entitled to recoup his equitable share of that amount (*see Micha v Micha*, 213 AD2d 956, 957-958 [1995]; *see also Lewis v Lewis*, 6 AD3d 837, 839 [2004]; *Carr v Carr*, 291 AD2d 672 [2002]), less any tax savings received as a result during the course of the marriage (*see* Domestic Relations Law § 236 [B] [5] [d] [13]). Because defendant testified that the tax rate changed from year to year during the course of the marriage, the matter must be remitted for a determination of the sum of the tax savings to be factored into the amount due defendant.

Finally, defendant contends that Supreme Court should not have awarded plaintiff retroactive credit for pension payments that he received while living in the marital home because during that time he continued to pay various household expenses, resulting in a double recovery for plaintiff. However, on the proof presented, we find no basis to disturb Supreme Court's award.

Mercure, Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant equitable distribution in relation to marital funds expended in connection with plaintiff's separate property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.